## DARROW vs. HARLOW.

CONTRACT: *Proposition acted upon.*

1. H. offered to pay D. $100, if D. would find him a purchaser for his farm at a certain price. *Held*, that *before* learning that D. had acted upon the offer and secured a purchaser, H. might himself sell the farm without becoming.liable to D.

2. D. informed H. that O. would take the farm at the price named, and buy some of the chattels thereon, but added that he would 'want some things put in the trade." *Held*, that the terms of purchase, thus indicated, varying from those offered by H., he might *thereafter* sell to another without becoming liable to D.

APPEAL from the Circuit Court for *Rock* County.

The complaint alleges that on the 23d of November, 1864, at Beloit, in said county, defendant agreed with plaintiff that if the latter would find a purchaser for a certain farm belonging to said defendant, at a price there named, he would pay plaintiff $100; and that plaintiff found such a purchaser according to

defendant's instructions, whereby defendant became indebted, &c., and had refused to pay. Answer, in denial. The plaintiff's evidence tended to show that the agreement was made as alleged; that defendant wanted $35 per acre for the land; that he said he only wanted $1,000 or $2,000 in cash, &c.; that defendant left the next day for the state of New York; that on that same day (November 24th), one O'Connor agreed with plaintiff that he would take the farm at $35 per acre, and would pay $5,000 in cash, and seven per cent. interest on the balance annually; and that plaintiff, on the 25th of November, wrote to defendant informing him of O'Connor's offer, and adding : "You will write me at Beloit, by return mail, and say what you will do, and what I can say to him. You did not give me any terms, only to find you a customer, and you would give me $100. He will buy some things, and will want some things put in the trade," &c. Plaintiff's evidence tended further to show, that on defendant's return to Beloit, a few days after, he claimed to have sold his farm to one Taylor, in New York; admitting that he had received plaintiff's letter on the 28th of November, and had "made his papers with Mr. Taylor" on the 30th. Mr. O'Connor also testified that his offer was for the land alone, and "the talk about chattel property was all afterwards, and had nothing to do with the land trade." It was proven that Mr. Taylor bought the farm on the 30th of November, paying for it and the personal property thereon, exclusive of household furniture, $9,000, of which $1,000 was in cash. Defendant thereon moved for a nonsuit, which was denied. Defendant testified in his own behalf that he did not authorize plaintiff to offer any other terms than cash; that plaintiff did not at the time agree to find him a customer; and that he did not receive plaintiff's letter until the evening of November 30th, after he had concluded the sale to Taylor.

Verdict for the plaintiff; new trial denied; and from a judgment on the verdict defendant appealed.

*Todd & Converse*, for appellant, contended that the pretended agreement sued on was void for want of mutuality (12 Barb., 602; 10 id., 303; 2 id., 351; 20 id., 151; 2 Pick., 578; 11 Mass., 112; 21 Wend., 139; 1 Coms., 581; 4 Johns., 235); that there was no evidence that defendant's proposition contemplated anything but a sale for *cash;* and that plaintiff's letter, in stating that O'Connor would "want some things put in the trade," showed that there was no absolute agreement to purchase on the terms proposed by defendant.

*Chas. G. Williams*, for respondent, contended that the plaintiff, having acted upon defendant's offer, was entitled to recover, under the rule in *Eycleshimer v. Van Antwerp*, 13 Wis., 546.

DOWNER, J.   Was the motion for a nonsuit rightly overruled?   If the letter of *Darrow* to *Harlow* conveyed the idea that O'Connor would, for a part of the personal property on the farm, and the farm, give only $35 per acre, then the nonsuit ought to have been granted; for *Harlow* had a right to act upon the letter, and if the terms of the proposed purchase therein set out were different from what he had authorized, then he could sell to another his farm without incurring any liability to *Darrow.*   We are of opinion that the words in the letter, "He will buy some things, and want some things put in the trade," did, taken in connection with what in the letter precedes them, convey the idea that some property other than the farm was to be included in the sale thereof at $35 per acre; and therefore we think a nonsuit should have been granted.

*By the Court.*—The judgment is reversed, and a *venire de novo* awarded.

The respondent moved for a rehearing.

DOWNER, J.   The respondent, having moved for a rehearing, contends that the court erred in holding that *Harlow* had a right to act on the letter of *Darrow* to him, inasmuch as *Har-*

*low* testified that he sold to Taylor his farm on the day he received the letter, but before it was received by him.

*Darrow* was not, by the agreement, to have the *sole* right to sell the farm, or find a purchaser for it. There is nothing in the agreement to preclude the defendant, who wished to sell his farm, from finding himself a purchaser if he could. Such verbal contracts must receive a reasonable construction. And in this case we think there must be, implied an undertaking that the plaintiff was to have the hundred dollars, *if he, within a reasonable time, before the defendant himself sold his farm, found a customer who would purchase it, and notified the defendant thereof.* Taking this view of the contract, if the motion for a nonsuit had been renewed after the evidence was closed, it would have been error not to have granted it. *Lomer v. Meeker*, 25 N. Y., 361, and authorities there cited.

*By the Court.*—Motion denied.