PITTELKOW *v.* JEFFERSON PARK LAND CO., LTD.

1. Appeal and Error—Judgment Notwithstanding Verdict—Evidence.

   On appeal from judgment for defendants notwithstanding verdict for plaintiff, testimony must be considered in light most favorable to plaintiff.

2. Brokers—Commission—Contracts—Performance.

   Ordinarily where a real estate broker seeks to recover commission under an express written contract, he must show performance thereof.

3. Same—Liability of Owner for Commissions—Sale of Other Lands to Same Purchaser.

   Liability of defendants in action by real estate broker to recover commission under written contract for sale of real estate would not be avoided merely because other lands were included in sale to purchaser with whom broker was negotiating.

4. Same—Commissions—Service—Contracts.

   A real estate broker may be entitled to a commission even though he did not produce a purchaser ready, able and willing to acquire the property on terms satisfactory to the seller such as (1) where service only is contracted and performed, (2) where broker is employed to make a sale and procures a party with whom principal is satisfied and who actually contracts for the purchase of the property at a price acceptable to owner, and (3) where contract provides broker may be entitled to commission on sale made by owner without broker's cooperation.

5. Same—Liability of Owner for Commissions—Termination of Agency.

   Owners of realty, who had employed broker to sell it, may not avoid payment of commission merely by concluding their broker's agency and making sale themselves.

6. SAME—COMMISSIONS—PROCURING SALE.

    Real estate broker seeking to recover commission because he was the procuring cause of the sale must show he was the procuring cause of the sale, that the purchaser learned of the property through him and that through his efforts the sale was made.

7. SAME—COMMISSIONS—CONTRACT—PERFORMANCE.

    Real estate broker who had contract with owner to pay commission if broker procured a purchaser of the property for specified price and never produced a purchaser ready, able and willing to pay that price *held*, not entitled to commission as he did not perform contract in accordance with its terms.

Appeal from Wayne; Scallen (John P.), J., presiding.  Submitted January 6, 1938.  (Docket No. 49, Calendar No. 39,773.)  Decided February 25, 1938.

Assumpsit by Arthur G. Pittelkow against Jefferson Park Land Company, Limited, a Michigan partnership association, limited, and others for commission for sale of real estate.  Verdict for plaintiff.  Judgment for defendants *non obstante veredicto*.  Plaintiff appeals.  Affirmed.

*Prentis, Fitch & Hayes,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendants.

POTTER, J.  Plaintiff sued defendants to recover a commission upon the sale of real estate, had verdict of the jury, and the trial court on motion of defendants rendered judgment for defendants notwithstanding the verdict.  Plaintiff appeals, and upon such appeal the testimony must be considered in the light most favorable to plaintiff.

There is no proof plaintiff was a licensed real estate broker, under 2 Comp. Laws 1929, § 9806 *et seq.,* but no question is raised about it.

The Federal housing commission desired to acquire lands in the city of Detroit for a Federal hous-

ing project. It would not employ and pay a broker to make the purchase. Defendants had lands to sell. The representative of the Federal housing commission knew of these lands. Plaintiff became interested in the acquisition of the property at the solicitation of citizens of Detroit. He opened negotiations with defendants and made a contract with them under date of August 22, 1935, the essential part of which is as follows:

"Upon your representations that this property is to be used for a building project, which is to be commenced in the very near future, and for which satisfactory assurances shall be given us, we will sell this property to your principals for a price of $285,000 cash. We shall pay out of this sum the regular realty broker's commission of five per cent. to the person or persons whom you may designate, which commission is to be paid only and when we receive the full purchase price."

Plaintiff, having accepted this contract, reported it to the persons who had induced him to negotiate with defendants and an offer of $75,000 was made for the property and reported by plaintiff to defendants and refused by them. Afterward the government representative who knew of the property negotiated directly with defendants and purchased the property covered by the letter of August 22, 1935, above quoted, and other property of a substantial amount, all for $170,000. Upon learning of this sale by defendants to the government, plaintiff brought suit; and the question is his right to recover.

Ordinarily, in order for a real estate broker to recover a commission where he has an express written contract, he must show performance thereof. Defendants contend plaintiff must have produced a purchaser ready, able and willing to purchase the

property on the terms of the contract; that plaintiff did not do so and, therefore, may not recover. If plaintiff was entitled to go to the jury, defendants could not avoid a liability by reason of including other lands in the sale to the purchaser with whom plaintiff was negotiating. *Ranson* v. *Weston,* 110 Mich. 240. And, under some circumstances, a real estate broker may be entitled to a commission even though he did not produce a purchaser ready, able and willing to acquire the property on terms satisfactory to the seller. If service only is contracted and performed, there is a consideration irrespective of the results acquired. *Gonte* v. *Rosenberg,* 221 Mich. 283. And where a broker is employed only for the purpose of making a sale, he becomes entitled to his commission when he procures for his principal a party with whom he is satisfied and who actually contracts for the purchase of the property at a price acceptable to the owner. *Fuday* v. *Gill,* 195 Mich. 613. And if it is so provided in the contract, a broker may be entitled to commission on a sale made by the owner without the broker's cooperation. *Axe* v. *Tolbert,* 179 Mich. 556; *Crawford* v. *Cicotte,* 186 Mich. 269. Knowing plaintiff was negotiating with the purchaser for a sale of the property, defendants could not avoid the payment of a commission merely by concluding his broker's agency and making the sale themselves. *Heaton* v. *Edwards,* 90 Mich. 500; *McGovern* v. *Bennett,* 146 Mich. 558; *Davis-Fisher Co.* v. *Hall,* 182 Mich. 574 (L. R. A. 1915A, 1224); *West* v. *Newton,* 229 Mich. 68.

Under the cases in which plaintiff has been permitted to recover because he was the procuring cause of the sale, plaintiff must show that he was the procuring cause of the sale, that the purchaser learned of the property through him, and that through his

efforts the sale was made. *Thuner* v. *Kanter*, 102 Mich. 59; *Douville* v. *Comstock*, 110 Mich. 693; *Brooks* v. *Leathers*, 112 Mich. 463; *Antisdel* v. *Canfield*, 119 Mich. 229; *Wood* v. *Smith*, 162 Mich. 334. But where, as in this case, plaintiff had a special contract whereby defendants were to pay a commission if he procured a purchaser of the property for $285,000, and where the plaintiff never produced a purchaser ready, able and willing to take the property at that price, he is not entitled to a commission because there was no performance upon his part of the contract in accordance with its terms.

In *McDonald* v. *Bœing*, 43 Mich. 394 (38 Am. Rep. 199), defendant agreed to pay a commission to plaintiff if he would sell certain real estate upon the basis of $8,500. Plaintiff did not make the sale upon that basis but sent another who was interested in the property to defendant who made a sale thereof for $7,000, and plaintiff brought suit. It was said:

"It is to be further observed that the sale was not made on the terms on which the defendant had empowered the plaintiff to make one. * * * The plaintiff was told in substance: 'You may go on and sell for $8,500, and when you do so I will pay you a commission.' But instead of making a sale, plaintiff interested himself in sending a purchaser to defendant, to whom the land was sold for $7,000. This service may have been valuable, but defendant had never contracted for it, and we have no reason to conclude as against him that he would ever have agreed to pay for it. He might have been willing to pay a liberal commission on a sale at the larger sum, and none at all on a sale such as was made. But speculation on the subject is useless: there was never any proposition to plaintiff that he should act generally in the sale of this land, and the proposition actually made to him, that he procure a purchaser

at a named price was never accepted and never acted upon. *Darrow* v. *Harlow,* 21 Wis. 302 (94 Am. Dec. 541); *Fraser* v. *Wyckoff,* 63 N. Y. 445; *McGavock* v. *Woodlief,* 20 How. (61 U. S.) 221.''

We are unable to distinguish this case from *Gilmore* v. *Bolio,* 165 Mich. 633 (34 L. R. A. [N. S.] 1050), relied upon by the trial court.

In this case, plaintiff's right to recover depended upon his ability to obtain a purchaser ready, able and willing to take the property at the price of $285,000. He failed to produce such a person. The fact that the defendants sold the lands in question and other lands for more than $100,000 less than that sum to a person who had refused plaintiff's offer of $285,000 does not entitle plaintiff to compensation. The trial court reached a correct conclusion.

Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.