JAENICKE *v.* DAVIDSON.

1. BROKERS—REAL ESTATE—LICENSES—SPECIFIC PERFORMANCE.
    In suit for specific performance of an alleged oral agreement
    under which plaintiff was to receive an overriding royalty
    interest in certain oil leases held by defendant, in which
    defendant denied plaintiff's right to such relief because she
    was then acting as a real estate broker without a license,
    evidence *held,* to justify trial court's finding that she was so
    acting without a license contrary to statute (2 Comp. Laws
    1929, § 9806 *et seq.*).

2. MINES AND MINERALS—OIL AND GAS LEASES AS INTERESTS IN
    REALTY—BROKERS—STATUTES.
    A lease of oil and gas rights in a tract of land constitutes an
    interest in real property, not a mere option, within meaning
    of statutes requiring that brokers dealing in interests in real
    estate be licensed thereunder (2 Comp. Laws 1929, § 9806
    *et seq.*).

3. SAME—OIL AND GAS AS REALTY.
    Oil and gas are part of the realty until severed therefrom.

4. SAME—TITLE TO UNSEVERED OIL AND GAS—LEASES.
    A transfer of title or of a right in the unsevered oil and gas,
    together with the right to go upon the land for the purpose
    of taking the oil and gas therefrom, involves a granting of
    rights in real estate; and instruments granting such rights are
    appropriately denominated leases.

5. BROKERS—OIL AND GAS LEASES—ASSIGNMENTS.
    Broker who negotiated assignments of oil and gas leases was
    dealing in interests in real estate within meaning of statute
    requiring such brokers to be licensed and providing penalty
    for dealing without a license since such an assignment was,
    in effect, a release or transfer by the lessee to his assignee,
    especially when statute shows legislature inferentially considers
    oil and gas leases as conveyances of real estate (Comp. Laws
    1929, §§ 9806, 9807, 9824, 13281).

6. CONTRACTS—VIOLATION OF STATUTE—PUBLIC POLICY.
    All contracts which are founded on an act prohibited by a statute
    under a penalty are void although not expressly declared to
    be so and neither law nor equity will enforce a contract made
    in violation of such a statute or one that is in violation of
    public policy.

7. SPECIFIC PERFORMANCE—UNLICENSED REAL ESTATE BROKER—
    VIOLATION OF STATUTES.
    An unlicensed real estate broker who procured an assignment of
    defendant's oil and gas leases was not entitled to specific
    performance of his alleged oral agreement to give her an
    overriding royalty therein where such activity on plaintiff's
    part was in violation of statute and punishable thereunder
    (2 Comp. Laws 1929, §§ 9806, 9807, 9824).

8. SAME—JOINT ENTERPRISE—PRINCIPAL AND AGENT—UNLICENSED
    REAL ESTATE BROKER.
    An unlicensed broker in real estate who negotiated assignment
    of defendant's oil and gas leases may not have specific per-
    formance of latter's alleged oral promise to give her an over-
    riding royalty therein on theory that the parties were engaged
    in a joint enterprise where there was no joint enterprise
    involved other than any transaction involving a principal and
    agent (2 Comp. Laws 1929, §§ 9806, 9807, 9824).

Appeal from Gladwin; Shaffer (John C.), J. Sub-
mitted June 21, 1939. (Docket No. 28, Calendar
No. 40,428.) Decided September 5, 1939.

Bill by Ottillie Jaenicke against Isaiah Davidson,
Pure Oil Company and Pure Transportation Com-
pany, Ohio corporations, for specific performance
of an oral contract, an accounting, injunction and
other relief. Bill dismissed. Plaintiff appeals.
Affirmed.

*Weadock & Weadock* and *Raymond H. Shanaman,*
for plaintiff.

*Leibrand & Leibrand,* for defendant.

NORTH, J. This is a suit in chancery for specific
performance of an alleged oral agreement between

plaintiff and Isaiah Davidson (hereinafter called defendant) by the terms of which plaintiff was to receive a 1/32 overriding royalty interest in certain oil leases held by defendant, such interest being claimed by plaintiff as consideration for her services as a broker in disposing of these leases for defendant. Defendant denies plaintiff's right to specific performance on the ground, among others, that she was acting as a real estate broker within the meaning of Act No. 306, Pub. Acts 1919, as amended (2 Comp. Laws 1929, § 9806 *et seq.* [Stat. Ann. § 19.791 *et seq.*]), and since she was not licensed as a broker she was not entitled to relief. The trial judge so held, and plaintiff has appealed from the decree dismissing her bill of complaint.

Notwithstanding plaintiff's contention to the contrary, we think it clearly appears from this record that she was at the time of the transaction in suit and for years theretofore had been engaged in business as a real estate broker or agent. In her brief she states:

"Much time was spent on cross-examination of the plaintiff in showing that she had acted as a real estate broker in other than oil deals in the period from 1925 to and including 1933, though she had no license during that period. This we admit. * * *

"She had no real estate broker's license from 1925 until 1937, though she did make sales of real estate or interest in real estate for other persons acting as a broker."

The transaction involved in the instant suit occurred in January, 1935. Notwithstanding plaintiff in testifying was not very helpful in disclosing full details of her activities, it does appear that in at least 15 to 20 separate transactions between 1928 and 1935 she acted as a real estate broker and received compensation for her services as such; and she also

engaged extensively in oil land activities. Newell Tuttle, a witness for defendant, testified:

"My business is real estate broker. * * * I know Mrs. Jaenicke, the plaintiff in this case. * * * I have known her 15 years. * * * From the year 1930 to January, 1935, Mrs. Jaenicke used to come to my place of business quite often then at that time. * * * Not over once a week. * * * She was known as a real estate broker. * * * I worked with Mrs. Jaenicke in an effort to buy and sell or lease real estate."

Our review of this record fully satisfies us the circuit judge was correct in holding that plaintiff was engaged as a real estate broker at least as a "partial vocation;" and, as admitted in plaintiff's brief hereinbefore quoted, she did not have a real estate broker's license from 1925 until 1937.

Nor are we of the opinion that appellant is right in her contention that the transaction out of which the instant suit arose was not within the terms of the governing statute.

Davidson, as lessee, held gas and oil leases, some 43 in number, each for a term of 5 years or for a longer period. Plaintiff alleges that many of these leases were in default for nonpayment of rentals and many were defective by reason of faulty execution; and she claims that the transaction for which Davidson engaged her services was to find a person or company that would accept an assignment of these leases, or such of them as could still be enforced, and would perform the terms of these leases so that the leased lands or parts thereof might be explored for oil and gas, such assignment to be with the reservation to Davidson of a 1/16 overriding royalty interest. Plaintiff asserts she brought about the reinstating or perfecting of 31 of defendant's 43 leases and accomplished their assignment to Charles W. Teater in fulfilment of her agreement with David-

son. But the defense is made that the services thus rendered by plaintiff were the services of a real estate broker, and since plaintiff admittedly did not possess a broker's license she is not entitled to specific performance.

The pertinent portions of the brokers' statute read:

"SECTION 1. It shall be unlawful for any person * * * to engage in the business or capacity, either directly or indirectly, of a business chance broker, a real estate broker or real estate salesman within this State without first obtaining a license under the provisions of this act." 2 Comp. Laws 1929, § 9806 (Stat. Ann. § 19.791).

"SEC. 2. A real estate broker within the meaning of this act is any person * * * who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease or rents or offers for rent any real estate or the improvements thereon for others, as a whole or partial vocation." 2 Comp. Laws 1929, § 9807 (Stat. Ann. § 19.792). (For later amendments not here involved see Act No. 188, Pub. Acts 1937 [Stat. Ann. 1939 Cum. Supp. § 19.792].)

There is controversy between the respective parties to this appeal as to whether a so-called oil and gas lease or such a leasehold interest is an interest in real estate; or whether prior to the time of drilling, such so-called leases or leasehold interests partake so much of the character of options that they should be held to constitute personalty only, not interests or rights in real estate.

Notwithstanding appellant's contention to the contrary, when considered in connection with a controversy of this character, it must be held that a lease of oil and gas rights in a tract of land constitutes

an interest in real property, not a mere option. While it does not clearly appear from this record, still it is a fair inference that each of defendant's leases is supported by a valuable consideration, and under each the lessee and his assignee secured the right to go upon the leased land for the purpose of exploring for oil and gas. Appellant argues that since the lessee may or may not undertake to drill a well upon leased premises of this character, therefore his right is an option, not a lease. But likewise it might be argued that one who leases a farm may or may not crop the land, or the lessee of a building may or may not occupy it as he pleases; but this does not change the lease held by such a party into an option. In the instant case the parties themselves to these numerous transactions have designated as leases the instruments which fix the rights of the contracting parties and have described therein the land in which the lessee acquired oil and gas rights. We have held that oil and gas are a part of the realty until severed therefrom. *Eadus* v. *Hunter,* 249 Mich. 190; *Attorney General* v. *Railway Co.,* 263 Mich. 431 (94 A. L. R. 520). And it follows that a transfer of title or of a right in the unsevered oil and gas, together with the right to go upon the land for the purpose of taking the oil and gas therefrom involves a granting of rights in real estate; and the instruments granting such rights are appropriately denominated "leases."

It goes without saying that the assignment of such rights from one holder to another (as in the instant case) is in effect a releasing or at least a transferring of the rights of a lessee to his assignee. Therefore such assignments are as much dealings in interests in real estate as are original leasehold transactions.

In this connection it is interesting to note that at least by clear inference the legislature of this State has considered oil and gas leases as conveyances of real estate.

"No covenant shall be implied in *any conveyance of real estate, except oil and gas leases,* whether such conveyance contain special covenants or not." 3 Comp. Laws 1929, § 13281 (Stat. Ann. § 26.524).

By necessary inference the circuit judge held plaintiff was dealing as a broker in interests in real estate, and such holding was correct. Plaintiff's dealings were in violation of the cited statute; and section 19 of the act (2 Comp. Laws 1929, § 9824 [Stat. Ann. § 19.809]) makes violation of its provisions a crime punishable by fine and imprisonment.

"It is a well-settled principle of law that all contracts which are founded on an act prohibited by a statute under a penalty are void, although not expressly declared to be so." *In re Reidy's Estate,* 164 Mich. 167.

Neither law nor equity will enforce a contract made in violation of such a statute or one that is in violation of public policy. Such are our holdings in the following cases: *Edward* v. *Ioor,* 205 Mich. 617 (15 A. L. R. 256); *Day* v. *Chamberlin,* 223 Mich. 278; *Morris* v. *O'Neill,* 239 Mich. 663; *Leland* v. *Ford,* 245 Mich. 599; and *Groves* v. *Jones,* 252 Mich. 446.

There is no merit to appellant's belated contention that she and defendant were engaged in a joint enterprise. So far as appears from this record no such claim was asserted in the circuit court, it was not included in the reasons assigned in support of her appeal, nor was it made in this court prior to the time she filed her reply brief. The whole theory of her case has been that she acted as a broker. One of the written instruments embodied in plaintiff's

bill of complaint and offered in evidence by her contains the following recital:

"It is understood that the above is divided, one-thirty-second interest going to I. W. Davidson and one-thirty-second going to Mrs. Otillie Jaenicke, *who has acted as broker in this deal.*"

There was no joint enterprise in the instant case except in the sense that a transaction involving a principal and agent is quite generally one in which both the principal and agent are interested.

The decree entered in the circuit court dismissing plaintiff's bill of complaint is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.