SULLIVAN v PRC OIL & GAS COMPANY

Docket No. 83604. Submitted December 9, 1985, at Grand Rapids.— Decided January 21, 1986.

The president of defendant, PRC Oil & Gas Company, wrote a letter to plaintiff, H. Edwin Sullivan, stating that, if plaintiff could find a buyer for certain oil and gas interests owned by defendant for a price of $1,500,000, defendant would pay a 2% finder's fee. The oil and gas interests were eventually sold by defendant to a Texas company. When plaintiff's demands for compensation were ignored, plaintiff filed suit in the Wexford Circuit Court, alleging breach of a written contract, unjust enrichment and *quantum meruit*. As an affirmative defense defendant asserted that plaintiff was statutorily barred from bringing an action for a commission, since plaintiff was not a licensed real estate broker as required by law. The court, William R. Peterson, J., granted summary judgment on defendant's affirmative defense. Plaintiff appealed. *Held:*

A person who is not a licensed broker and who engages in activities to which the brokers licensing statute applies is not entitled to recover any compensation at law or in equity on the basis of *quantum meruit*. Plaintiff admitted that the sale in question was one like the sale of realty and that he was not a licensed broker. There is no statutory exception or interpretation applicable to exempt plaintiff from the operation of the licensing requirement.

Affirmed.

REFERENCES

Am Jur 2d, Brokers §§ 18 *et seq.,* 53.

Am Jur 2d, Statutes §§ 236, 237, 343, 344.

Necessity of having real estate broker's license in order to recover commission as affected by fact that business sold includes real property. 82 ALR3d 1139.

Procurement of real-estate broker's license subsequent to execution of contract for services as entitling broker to compensation for service. 80 ALR3d 318.

Broker's right to compensation as affected by lack of license on the part of partners, coadventurers, employees, or other associates. 8 ALR3d 523.

1. STATUTES — JUDICIAL CONSTRUCTION.

An established principle of statutuory construction is that a modifying clause is confined to the last antecedent unless something in the subject matter or dominant purpose of the statute requires a different interpretation.

2. BROKERS — BROKERS LICENSING STATUTE — ACTIONS — *QUANTUM MERUIT.*

A person who is not a licensed broker and who engages in activities to which the brokers licensing statute applies is not entitled to recover any compensation at law or in equity on the basis of *quantum meruit* (MCL 339.2501[a], 339.2512a; MSA 18.425[2501][a], 18.425[2512a]).

*Smith, Johnson, Brandt & Heintz, P.C.* (by *Donald A. Brandt),* for plaintiff.

*Samardich, Benson, McCurdy & Wotila, P.C.* (by *Roger Wotila),* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN,* JJ.

ALLEN, P.J. In this three-count action for a "finder's fee", plaintiff appeals as of right from the trial court's entry of summary judgment on February 26, 1985, in favor of defendant.

By letter dated March 20, 1984, defendant's president wrote to plaintiff stating that, if plaintiff could find a buyer for certain oil and gas interests owned by defendant in the Northern Michigan Niagaran Reef Trend, for a price of $1,500,000, defendant would pay a 2% "finder's fee". Similar letters were sent to other brokers. The oil and gas interests were eventually sold by defendant to a Texas company. When plaintiff's demands for compensation were ignorned, plaintiff filed suit in circuit court alleging breach of a written contract, unjust enrichment and *quantum meruit.*

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Defendant filed an answer maintaining that it had found the buyer without the aid of plaintiff. Additionally, in an affirmative defense, defendant asserted that plaintiff was statutorily barred from bringing an action for a commission, since plaintiff was not a licensed real estate broker as required under MCL 339.2512a; MSA 18.425(2512a). By motion for partial summary judgment in plaintiff's favor, plaintiff sought to have defendant's affirmative defense of nonlicensure declared invalid.

Oral argument on the motion was held February 19, 1985, at which time defendant moved that defendant be granted summary judgment because of plaintiff's lack of a real estate license. At the conclusion of the hearing, the trial court orally granted defendant's motion on the ground that plaintiff was not "properly licensed as a real estate broker pursuant to MCL 339.2501(a), and therefore [could not] maintain an action for collection of compensation as provided in MCL 339.2512a". A formal order of summary judgment was entered February 16, 1985.

MCL 339.2512a; MSA 18.425(2512a) provides:

"A person engaged in the business of, or acting in the capacity of, a person required to be licensed under this article, shall not maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article at the time of the performance of the act or contract."

MCL 339.2501(a); MSA 18.425(2501)(a) provides:

"'Real estate broker' means an individual, partnership, association, or corporation, who with intent to collect or receive a fee, compensation, or valuable consideration, sells or offers for sale, buys or offers to buy,

appraises or offers to appraise, lists or offers or attempts to list, or negotiates the purchase or sale or exchange or mortgage of real estate, or negotiates for the construction of a building on real estate; who leases or offers or rents or offers for rent real estate or the improvements on the real estate for others, *as a whole or partial vocation;* who sells or offers for sale, buys or offers to buy, leases or offers to lease, or negotiates the purchase or sale or exchange of a business, business opportunity, or the goodwill of an existing business for others; or who, as owner or otherwise, engages in the sale of real estate as a principal vocation."

Plaintiff admits that the sale of oil and gas leases in the instant case is the same as the sale of realty. Plaintiff's interpretation is consistent with Michigan law. *Jaenicke v Davidson,* 290 Mich 298, 302-303; 287 NW 472 (1939). Plaintiff also admits that he is not a licensed real estate broker. Plaintiff argues, however, that an exception to the statute exists in the underscored language "as a whole or partial vocation" and because plaintiff did not engage or participate in the sale of real estate "as a whole or partial vocation", plaintiff fits within the statutory exception. It is an established principle of statutory construction that a clause is confined to the last antecedent unless something in the subject matter or dominant purpose of the statute requires a different interpretation. *Nemzin v Sinai Hospital,* 143 Mich App 798; 372 NW2d 667 (1985); *Haveman v Kent County Road Comm'rs,* 356 Mich 11, 18; 96 NW2d 153 (1959); *Winokur v State Bd of Dentistry,* 366 Mich 261, 266; 114 NW2d 233 (1962). Consequently, in the statute in issue, the words "as a whole or partial vocation" modify only a person who leases or rents real estate.

Plaintiff next argues that, even if the construction given the statute by the trial court is held to

be grammatically correct, it is not supported by the legislative history of the statute. We disagree. What is now MCL 339.2512a; MSA 18.425(2512a) was originally in 1919 PA 306, as amended by 1921 PA 387. In a series of cases, the Supreme Court held that statute did not proscribe a single or isolated sale. *Miller v Stevens,* 224 Mich 626, 631; 195 NW 481 (1923); *Morris v O'Neill,* 239 Mich 663, 669; 215 NW 8 (1927); *Hague v DeLong,* 292 Mich 262, 281-282; 290 NW 403 (1940). However, the statute was amended by 1943 PA 57 by the addition of a sentence reading: "The commission of a single act prohibited hereunder shall constitute a violation." Not long thereafter, the Supreme Court held that a single transaction did constitute a violation of the statute as so amended. *Krause v Boraks,* 341 Mich 149, 151; 67 NW2d 202 (1954). Then in 1980, the statute was again amended to its current language, cited *supra.* That language drops the words "the commission of a single act shall constitute a violation".

Plaintiff argues that by dropping the reference to a single act in the current version of the statute, the Legislature revived the *Miller-Hague* line of cases. Two affidavits submitted by plaintiff state that neither he nor his agent have previously been paid a commission for the sale of oil and gas lands and, thus, the instant transaction is a single transaction which is not prohibited under *Miller-Hague.* However, plaintiff's affidavit also admits that he was an "oil and gas man" and that his agent was an oil and gas explorer. In his deposition, plaintiff also admits that he was a certified petroleum landman, an oil and gas lease broker, and that he purchased oil and gas leases in his business. Thus, plaintiff would not fall within the *Miller* exception, even if it were revived, because plaintiff was admittedly engaged in the business of purchasing

oil and gas leases. Moreover, the trial judge properly denied the plaintiff's motion for partial summary judgment because defendant's defenses could have been tenable if defendant proved that plaintiff was not engaged in an isolated transaction. *Hanon v Barber,* 99 Mich App 851, 854-855; 298 NW2d 866 (1980).

Finally, plaintiff is not entitled in count III to equitable recover in *quantum meruit* when the brokers licensing statute apples. *Diedrich v Harten,* 103 Mich App 126; 302 NW2d 618 (1981); *Curry v West Point Hills, Inc,* 30 Mich App 114, 116; 185 NW2d 907 (1971); *Krause v Boraks, supra,* pp 156-157; *Lakeshore Financial Corp v Comstock,* 587 F Supp 426, 429 (WD Mich, 1984). On strikingly similar facts, the Supreme Court rejected the broker's claim in *Jaenicke v Davidson, supra,* 290 Mich 304, saying:

"By necessary inference the circuit judge held plaintiff was dealing as a broker in interests in real estate, and such holding was correct. Plaintiff's dealings were in violation of the cited statute * * *.

\* \* \*

"Neither law nor equity will enforce a contract made in violation of such a statute or one that is in violation of public policy."

Finally, we reject plaintiff's claim that defendant's actions "may well raise to the level of fraud". That issue was never raised at trial and is raised for the first time on appeal. Therefore, we decline to give it consideration. *Trail Clinic, PC v Bloch,* 114 Mich App 700, 711-712; 319 NW2d 638 (1982), *lv den* 417 Mich 959 (1983).

Affirmed. Costs to defendant.