SHAPIRO v STEINBERG

Docket No. 103668. Submitted November 9, 1988, at Detroit. Decided January 30, 1989.

Alan P. Shapiro, an attorney licensed in the State of Massachusetts but not in the State of Michigan, resided in Huntington Woods, Michigan, and served as District Legal Counsel for the Army Corps of Engineers. A personal friend of Shapiro's died in an airplane crash, and the decedent's son asked Shapiro to recommend legal counsel to represent the family in any possible claim against the airline involved. Shapiro recommended Lee Steinberg, who accepted the case for a twenty-five percent contingent fee. Steinberg allegedly orally agreed to give Shapiro one-fourth of any attorney fees recovered in exchange for Shapiro's assistance in researching the claim and preparing certain documents. Steinberg filed suit in the case and a substantial settlement was reached which netted Steinberg approximately $325,000 in attorney fees. Steinberg refused to pay Shapiro anything. Shapiro and his wife, Pearl, filed suit against Steinberg in Oakland Circuit Court seeking recovery under the alleged oral agreement or on a theory of quantum meruit. The court, James S. Thorburn, J., granted summary disposition in favor of Steinberg, finding that Shapiro engaged in the unauthorized practice of law and that the oral agreement therefore was against public policy, void, and unenforceable. Plaintiffs appealed.

The Court of Appeals *held*:

Work of a preparatory nature, such as research, investigation of details, assemblage of data, and similar activities which enable the attorney of record to bring a case to conclusion through his own examination, approval, or additional effort does not constitute the practice of law. To the extent that the Shapiros' complaint alleged mere collection of date, the Shapiros did not fail to state a claim upon which relief can be

REFERENCES

Am Jur 2d, Attorneys at Law §§ 101 *et seq.*

Right of attorney admitted in one state to recover compensation for services rendered in another state where he was not admitted to bar. 11 ALR3d 907.

granted. The fact that Shapiro is a licensed attorney in another state does not mean that every activity he performs during the course of a lawsuit constitutes the practice of law, and the fact that Shapiro allegedly was to receive compensation for his work is not determinative. Taking all the well-pled allegations in the complaint as true, the Shapiros could be entitled to compensation for those services performed by Shapiro which did not constitute the unauthorized practice of law. The case must be remanded for further proceedings. On remand, assuming the factual question of the existence of a contract is resolved in the Shapiros' favor, the trial court shall determine what portion of Mr. Shapiro's work was not the practice of law and shall permit him to recover only the corresponding percentage of the compensation to which he claims he is entitled.

Reversed and remanded.

1. CONTRACTS — UNAUTHORIZED PRACTICE OF LAW — PUBLIC POLICY.

A contract for the practice of law by a person not qualified to practice law under the laws of the jurisdiction is void as against public policy.

2. WORDS AND PHRASES — PRACTICE OF LAW.

Work of a preparatory nature, such as research, investigation of details, assemblage of data, and similar activities which enable the attorney of record to bring a case to conclusion through his own examination, approval, or additional effort does not constitute the practice of law.

3. ATTORNEY AND CLIENT — UNAUTHORIZED PRACTICE OF LAW — NONATTORNEY WORK — ATTORNEYS LICENSED IN OTHER STATES.

It is not unlawful for an attorney to contract with a person to perform nonattorney work and then pay that person with part of the proceeds recovered as attorney fees; where that other person is an attorney licensed in another state but not in Michigan, the mere fact that he is a licensed attorney in another state does not in and of itself make every activity he performs during the course of a lawsuit the practice of law.

*Martin S. Baum, P.C.* (by *Martin S. Baum*), for plaintiffs.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Richard D. Toth*), for defendant.

Before: SULLIVAN, P.J., and MAHER and P. J. CLULO,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the September 23, 1987, order of the Oakland Circuit Court granting summary disposition to defendant on the ground that plaintiffs failed to state a claim upon which relief could be granted. MCR 2.116(C)(8). We reverse.

Plaintiff Alan Shapiro is an attorney licensed in the State of Massachusetts but not in the State of Michigan. At the time this cause of action arose, he resided in Huntington Woods, Michigan, and served as District Legal Counsel for the Army Corps of Engineers.

In March of 1985, Shapiro's personal friend, James Bray, was killed in a plane crash. The son of the deceased, Michael Bray, thereafter consulted with Shapiro regarding selection of legal counsel in Michigan to represent any possible claim against the airline for his father's death. Shapiro contacted defendant, Lee Steinberg, whom he knew in both a personal and professional capacity, about handling the case. Steinberg agreed to accept the case for a twenty-five percent contingent fee. Allegedly, Steinberg also orally agreed to give Shapiro one-quarter of any attorney fees recovered in exchange for Shapiro's assistance in researching the claim and preparing certain documents, such as a lost employment benefits report and "A Day in the Life of . . ." booklet.

In September of 1986, Steinberg filed suit in Wayne Circuit Court on behalf of the Bray family. A substantial settlement was reached with the airline on February 6, 1977, which netted Steinberg approximately $325,000 in attorney fees. He

* Circuit judge, sitting on the Court of Appeals by assignment.

apparently refused to share any of the award with Shapiro.

On June 15, 1987, Mr. and Mrs. Shapiro[1] filed suit against Steinberg in the Oakland Circuit Court for recovery of twenty-five percent of the attorney fee award. The Shapiros' claim for the money was based on the alleged oral agreement with Steinberg or on a theory of quantum meruit.

On August 12, 1987, Steinberg filed a motion for summary disposition asserting that the Shapiros failed to state a claim upon which relief can be granted and lacked standing to bring their claim for attorney fees. MCR 2.116(C)(5) and (8).

A hearing on the motion was conducted on September 23, 1987. Counsel for the Shapiros argued that the oral agreement did not violate public policy because Mr. Shapiro was not engaged in the unauthorized practice of law. MCL 600.916; MSA 27A.916. To this, the trial court stated: "Of course he was [practicing law]. You're practicing law when you enter into a contingent fee contract of any kind. That is the practice of law, no question." Finding the oral agreement was against public policy, the court granted summary disposition "as prayed for." An order to that effect was entered on September 23, 1987.

This appeal as of right followed.

The principal issue before us is whether the trial court erred in granting summary disposition on the ground that the Shapiros failed to state a claim for which relief can be granted. We believe the court did err.

A motion for summary disposition under MCR 2.116(C)(8) is tested by the pleadings alone. Only

---

[1] Mrs. Shapiro was named a party plaintiff because in 1986, while the Shapiros were in the process of divorce, Mr. Shapiro assigned his right to the fee to Mrs. Shapiro. The Shapiros eventually reconciled and brought this action together.

the legal basis of the complaint is examined. All well-pled factual allegations in the complaint, along with any inferences which may fairly be drawn therefrom, must be accepted as true. Unless a claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied. *Beaudin v Michigan Bell Telephone Co,* 157 Mich App 185, 187; 403 NW2d 76 (1986).

It is well established that the courts of this state will not enforce, either in law or in equity, a contract which violates a statute or which is contrary to public policy. *Jaenicke v Davidson,* 290 Mich 298, 304; 287 NW 472 (1939); *Cardillo v Canusa Extrusion Engineering, Inc,* 145 Mich App 361, 370-371; 377 NW2d 412 (1985); *Peeples v Detroit (On Reh),* 99 Mich App 285, 302; 297 NW2d 839 (1980). This includes contracts for the practice of law where the person is not qualified under the laws of the jurisdiction to do so. 7 CJS, Attorney and Client, § 31, p 870. Hence, if the oral agreement between Shapiro and Steinberg was for Shapiro to engage in the unauthorized practice of law, in violation of MCL 600.916; MSA 27A.916, the agreement would be void as against public policy and the Shapiros would be unable to obtain relief in the courts. The crucial inquiry then is whether, as a matter of law, Shapiro was engaged in the unauthorized practice of law.

Whether or not a particular activity constitutes the practice of law is a matter left largely to the judiciary to decide. The Legislature has not seen fit to provide the courts with a definition of what constitutes the "practice of law." *State Bar of Michigan v Cramer,* 399 Mich 116, 132-133; 249 NW2d 1 (1976); *Ingham Co Bar Ass'n v Walter Neller Co,* 342 Mich 214, 221; 69 NW2d 713 (1955). Generally, the decisive factor in determining

whether certain conduct constitutes the practice of law is the character of the act done, and not the place (e.g., a judicial or administrative tribunal) where it is performed. 7 Am Jur 2d, Attorneys at Law, § 101, p 171. A broad definition of what constitutes the practice of law is the preparation of instruments for others which "define, set forth, limit, terminate, specify, claim, or grant legal rights . . . ." *Id.,* pp 172-173. An important factor in this regard is whether a fee was charged for the services performed. *Id.,* p 172. However, work of a preparatory nature, such as research, investigation of details, assemblage of data, and similar activities which enable the attorney of record to bring a case to conclusion through his own examination, approval, or additional effort does not constitute the practice of law. *Id.,* p 185.

In the instant case, the Shapiros' complaint alleged that Mr. Shapiro "rendered a great deal of legal services and *collected information and data necessary to process said wrongful death claim.*" (Emphasis added.) To the extent that the complaint alleged mere collection of data, the Shapiros did not fail to state a claim upon which relief can be granted. That activity was of a type which a law clerk might properly perform. We do not believe that, simply because Shapiro is a licensed attorney in another state, every activity he performs during the course of a lawsuit constitutes the practice of law. Moreover, although Shapiro allegedly was to receive compensation for his work, this is not determinative. We do not believe it is unusual, or unlawful, for an attorney to contract with a person to perform nonattorney work (e.g., a law clerk or a private investigator) and then pay that person with part of the proceeds recovered as attorney fees.

Taking all the well-pled allegations in the com-

plaint as true, the Shapiros could be entitled to compensation for those services performed by Mr. Shapiro which do not constitute the unauthorized practice of law. The Shapiros would be precluded from recovering, as a matter of public policy, only for that work which constituted the unauthorized practice of law. We therefore hold that summary judgment in favor of Steinberg on this issue was improper. Accordingly, the case is remanded for further proceedings. On remand, assuming the factual question of the existence of a contract is resolved in the Shapiros' favor, the trial court shall determine what portion of Mr. Shapiro's work was not the practice of law and shall permit him to recover only the corresponding percentage of the compensation to which he claims he is entitled.

Also on appeal, the Shapiros claim that Steinberg failed to preserve the issue of whether Mrs. Shapiro had a separate legal interest in the alleged fee. Because this is a question which was not first ruled on by the trial court, we decline to review it. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988).

Reversed and remanded for further proceedings.