HAWKINS v SMITHSON

Docket No. 97762. Submitted June 7, 1989, at Lansing. Decided August 17, 1989.

Robert C. Hawkins, doing business as Robert C. Hawkins Realty, entered into a listing agreement with Clarence H. Smithson regarding the sale of Smithson's house. The agreement provided in part that, if the house was sold by Smithson or by anyone other than another real estate broker within six months of the date of the listing's expiration to a buyer with whom Smithson or Hawkins had negotiations for the sale of the house, exhibited the house, or had oral or written contract as a prospective purchaser of the house during the period of the listing, Smithson was to pay Hawkins a commission of ten percent of the sale price. Within six months of the listing's expiration, Smithson sold the house for $95,000 on land contract to a buyer to whom Hawkins had shown the house during the listing period. Hawkins brought an action in the 36th District Court against Smithson, seeking the payment of a commission. Following trial, a judgment in the amount of $9,500 was entered in favor of plaintiff. The Wayne Circuit Court, Charles S. Farmer, J., affirmed on appeal. The Court of Appeals granted defendant's delayed application for leave to appeal.

The Court of Appeals held:

1. In order for a real estate broker to recover a commission pursuant to an express written contract, he must show performance of the terms of the contract. Here, the trial court did not err in ruling that plaintiff was entitled to a commission pursuant to the unambiguous terms of the agreement between the parties.

2. MCL 339.2512a; MSA 18.425(2512a) requires a real estate broker who sues for payment of a commission to allege and prove that he is a licensed broker. In this case, defendant did not interpose an objection to plaintiff's testimony that he has

REFERENCES

Am Jur 2d, Brokers §§ 178, 216, 220.
Broker's right to commission on sales consummated after termination of employment. 27 ALR2d 1348.

continuously been licensed as a broker from a time predating the transactions in this case, and defendant offered no evidence indicating the contrary. Thus, defendant's claim that plaintiff failed to satisfy the requirement of § 2512a cannot be considered by the Court of Appeals.

3. Defendant's claim that plaintiff is not entitled to a commission because the other joint owner of the house, defendant's wife, did not sign the listing agreement is without merit.

4. Defendant's claim that plaintiff is not entitled to a commission since he presented no testimony regarding the amount of his damages is without merit. The parties' agreement provided for a commission of ten percent of the sale price. The trial court did not err in awarding plaintiff $9,500, which is ten percent of the $95,000 sale price.

Affirmed.

BROKERS — REAL ESTATE BROKERS — COMMISSIONS — CONTRACTS.

A real estate broker who seeks in a court action to recover a commission under an express written contract must show performance of the terms of the contract; the court must look to the terms of the contract to determine how the commission was to be earned.

*William C. Hague,* for plaintiff.

*Poplar & Kalis, P.C.* (by *Michael L. Kalis*), for defendant.

Before: DANHOF, C.J., and HOOD and MARILYN KELLY, JJ.

PER CURIAM. Defendant appeals by leave granted from a Wayne Circuit Court order which affirmed a 36th District Court judgment awarding plaintiff a real estate commission based on the sale of defendant's property. We affirm.

On October 20, 1981, the parties entered into a listing agreement pursuant to which defendant was to pay plaintiff a ten percent commission if plaintiff sold defendant's property. The agreement expired on February 20, 1982, but provided:

If during the term of this listing I/we, you, or

anyone else sell or exchange the property or produce a purchaser ready, willing and able to purchase the property or make exchange therefore [sic] on the terms listed herein or other terms acceptable to me/us, or if, within 6 months after this listing expires, I/we, or anyone else other than another Real Estate Broker sell or exchange the property to or with anyone with whom or to whom I/we, you, or any sub-agent engaged by you or anyone else, during the period of this listing, had negotiations for the sale of the property, exhibited the property, or had oral or written contract as a prospective purchaser for the property, then, I/we will pay you a commission of 10% of sale.

At trial, plaintiff testified that Reverend Andrew Merritt contacted him on January 24, 1982, and that he showed the property to Merritt on February 8, 1982. Plaintiff further testified that on February 12, 1982, Merritt was scheduled to sign a written offer to purchase defendant's property but failed to keep the appointment. Merritt testified that plaintiff showed him defendant's property, but that he never had an appointment at plaintiff's office which he failed to keep. Merritt further testified that plaintiff refused to submit his offer to purchase the property to defendant. Merritt testified that four or five months later he saw plaintiff's for sale sign on defendant's property, and entered into negotiations with defendant to purchase the property. On August 6, 1982, defendant sold his property on land contract to the Straight Gate Church, Inc., by Merritt, its pastor, for $95,000.

Defendant claims that the district court erred in concluding that plaintiff was entitled to a real estate commission. The findings of fact in a bench trial will not be set aside by an appellate court unless they are clearly erroneous. Appellate courts

must give regard to the trial court's superior ability to judge the credibility of the witnesses who appeared before it. *Sumpter v Kosinski,* 165 Mich App 784, 804; 419 NW2d 463 (1988); *Kroll v Crest Plastics, Inc,* 142 Mich App 284, 288; 369 NW2d 487 (1985), lv den 423 Mich 859 (1985); MCR 2.613(C).

Ordinarily, in order for a real estate broker to recover a commission where he has an express written contract, he must show performance thereof. *Pittelkow v Jefferson Park Land Co, Ltd,* 283 Mich 374, 376; 278 NW 102 (1938). The court must look to the terms of the contract to determine how the commission was to be earned. *Craib v Committee on National Missions of the United Presbyterian Church,* 62 Mich App 617, 623; 233 NW2d 674 (1975). Construction of a contract containing unambiguous language is a question of law for the court. *Automobile Club Ins Ass'n v Page,* 162 Mich App 664, 667; 413 NW2d 472 (1987).

The district court found that defendant sold the property within six months of the expiration of the listing agreement to a party who had been shown the property and with whom plaintiff had negotiated during the period of the agreement. This finding is supported by evidence which was presented at trial, and is not clearly erroneous. Plaintiff was entitled to a commission under the unambiguous language of the listing agreement.

Defendant claims that plaintiff was not entitled to a real estate commission because plaintiff did not prove that he had a realtor's license during the time that he had the listing agreement with defendant. Plaintiff was required to allege and prove that he was a licensed real estate broker in order to recover a commission based on the sale of defendant's property. MCL 339.2512a; MSA

18.425(2512a); *Sullivan v PRC Oil & Gas Co,* 148 Mich App 427; 383 NW2d 641 (1986).

At trial, plaintiff attempted to offer his then-current 1985 license as evidence that he was a licensed real estate broker. Defendant objected because this case concerned activities which occurred in 1981 and 1982. Plaintiff then testified that he had been continuously licensed as a real estate broker since 1960. Defendant did not object to this testimony, and has failed to give this Court any reason to believe that plaintiff was not a licensed real estate broker during the relevant time period. Therefore, we decline to consider defendant's claim. *Richards v Pierce,* 162 Mich App 308, 316; 412 NW2d 725 (1987).

Defendant claims that plaintiff was not entitled to a real estate commission because defendant signed the listing agreement, but defendant and his wife jointly owned the real estate which was sold. We find no merit in this claim. See *Max Broock, Inc v Walker,* 349 Mich 63; 84 NW2d 336 (1957).

Defendant's final claim is that plaintiff was not entitled to a real estate commission because plaintiff presented no testimony regarding the amount of his damages. We find no merit in this claim. The parties' listing agreement provided that plaintiff's commission would be ten percent of the sale price of defendant's property. The property was sold for $95,000. The trial court correctly entered a judgment awarding plaintiff $9,500 in damages.

Affirmed.