SHARP *v.* GRAND RAPIDS TRUST CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDING OF DEPARTMENT CONCLUSIVE IF SUPPORTED BY TESTIMONY.
   Finding of the department of labor and industry that employee's death arose out of and in course of his employment, supported by competent testimony, is conclusive.

2. SAME—REASONABLE RULES OF DEPARTMENT BINDING.
   Rules of the department of labor and industry which are reasonable and within its power to make are binding, not only on the department and litigants, but also on the Supreme Court.

3. SAME—NOTICE OF DEFENSES—LIMITATION OF ACTIONS.
   Under rules of the department of labor and industry, the statute of limitations may not be urged as defense to claim for compensation unless reasonably definite notice thereof is given.

4. SAME—INDEFINITE ASSERTION INSUFFICIENT NOTICE OF DEFENSE.
   Indefinite assertion by defendant that proper claim for compensation was not made is not sufficient notice to plaintiff that defendant intended to rely on the defense that the claim for compensation was not filed within the statutory period.

Appeal from Department of Labor and Industry. Submitted April 8, 1931. (Docket No. 20, Calendar No. 35,520.) Decided June 1, 1931.

Applicability of statute of limitations to actions and proceedings under workmen's compensation act, see annotation in 16 A. L. R. 462; 40 A. L. R. 495.

Monington Sharp presented her claim against Grand Rapids Trust Company, receiver for William Horner, employer, and Employers Mutual Liability Insurance Company, insurer, for compensation for the death of her husband while in defendant's employ. From an award granting compensation, defendants appeal. Affirmed.

*A. L. Sayles,* for plaintiff.

*Derham & Derham,* for defendants.

NORTH, J. This is an appeal from an award made to plaintiff under the workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*). An appeal has been perfected in behalf of defendants and it is asserted that the award should be vacated because: (1) There was no competent testimony that the death of plaintiff's husband resulted from an injury which arose out of and in the course of his employment; and (2) Plaintiff did not make a claim for compensation within six months after her husband's death as required by statute. 2 Comp. Laws 1929, § 8431.

Review of the record satisfies us that there was testimony supporting the finding of the commission that the accident suffered by plaintiff's husband arose out of and in the course of his employment and was the cause of his death. It is undisputed that plaintiff's deceased husband while in the employ of William Horner sustained a serious injury to his left leg on January 14, 1929. Compensation was paid for 19 weeks, whereupon a settlement receipt was signed and filed; but this receipt does not seem to have been approved by the department. Infection developed in the injured limb and plaintiff's husband died June 9, 1929. There is testimony

that previous to the injury he had been afflicted with high blood pressure and had suffered dizzy spells. The death certificate reads: "Cause of death, * * * chronic myocarditis * * * contributory * * * myocardity with hypertension." Plaintiff testified that prior to the accident Mr. Sharp enjoyed good health. She claims that the injury and resulting infection lowered the vitality of her decedent and was the cause of his death. In this particular Dr. Perry, who had known Mr. Sharp for a number of years, testified in part as follows:

"*A.* * * * He (Mr. Sharp) never regained his health after the accident.

"*Q.* Was he ever a well man after the accident?

"*A.* No.

"*Q.* What is your opinion as to the cause of Lloyd Sharp's death?

"*A.* I think the accident was the contributory cause.

"*Q.* This accident hastened his death?

"*A.* Yes."

This and other competent testimony presented an issue of fact, and the finding of the commission thereon is conclusive.

So far as appears in this record appellant did not urge either before the deputy commissioner or on review by the commission that plaintiff's claim for compensation was not timely presented. Appellants assert that this question was raised by the denial of liability on the ground that: "A proper claim for compensation was not made." This indefinite assertion was not sufficient notice to plaintiff that defendants expected to urge as a defense that her claim for compensation was not filed within the statutory period. The statute of limitations cannot be urged as a defense unless reasonably definite no-

tice thereof is given. This is not only a matter of common practice but it is covered by the following rule of the department:

"If the employer or insurer desires to deny liability an answer to the plaintiff's claim shall be filed with the department in writing  *  *  *  which answer shall set forth with reasonable detail and certainty all of the essential grounds of defense without unnecessary repetition, upon which the defendant relies as its defense to said claim, serving a copy of same upon the plaintiff and filing with the department proof of such service. The defendant will be limited to those grounds of defense so stated on the hearing of said matter, and also on review before the commission."

Referring to the power of the board to limit by rule the defense to such as was stated in the denial of liability, in *Reno* v. *Holmes,* 238 Mich. 572, we quoted with approval the following:

"The rule in question was within the power of the board to adopt. It is reasonable and valid; it not only binds the board, and litigants before it, but it binds this court. Being reasonable and within the power of the board, this court must follow it and recognize it in cases coming here for review."

See, also, *Roach* v. *Kelsey Wheel Co.,* 200 Mich. 299.

The award is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.