CURRY v. WEST POINT HILLS, INC.

BROKERS—REAL ESTATE BROKERS—RIGHT TO FEE—LICENSES.
   Plaintiff was not entitled to a fee for securing a mortgage loan
   commitment even though his action was an isolated transaction
   and where even though given the opportunity to amend his com-
   plaint to allege that he was a licensed real estate broker or to
   allege any reasons why he should not be licensed, the plaintiff
   did not allege in his complaint that he was a real estate
   broker or that there was any reason why he should not be
   licensed (MCLA § 451.201 *et seq.*).

Appeal from Kalamazoo, Raymond W. Fox, J.
Submitted Division 3 December 8, 1970, at Grand
Rapids. (Docket No. 6923.) Decided January 25,
1971.

Complaint by John P. Curry against West Point
Hills, Inc., and Steve Geresy, for payment of a bro-
kerage fee. Summary judgment for defendants.
Plaintiff appeals. Affirmed.

*Bucknell, Gergely & Foley,* for plaintiff.

*Warner, Norcross & Judd* (by *Jack B. Combs*) for
defendants.

Before: FITZGERALD, P. J., and QUINN and McIN-
TYRE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
12 Am Jur 2d, Brokers § 246.

PER CURIAM.   This appeal is from a summary judgment granted below on defendants' motion therefor.

Plaintiff filed this action to recover a fee allegedly due him under a contract with defendants which provided in pertinent part:

"I hereby employ you and authorize you to obtain for us from one or more responsible persons or lending institutions of your selection an acceptance of a first or second mortgage loan commitment on the subject property (West Point Trailer Park) * * * . If and when you are successful  *  *  *  we agree to pay you a fee of at least two per cent of the amount of the loan agreed to be made."

A subsequent communication from defendants to plaintiff continued the contract in force for five years and raised the brokerage fee rate to five per cent out of which plaintiff was required to pay three per cent to others.

Plaintiff's complaint did not allege that he was a licensed real estate broker.  On the basis of the licensing and regulation provisions of the real estate brokers and salesman's statutes, MCLA § 451.201 *et seq.* (Stat Ann 1964 Rev § 19.791 *et seq.*), defendants moved for summary judgment.  The trial court found that plaintiff was acting as a real estate broker within the meaning of the statutes, *supra,* and that his complaint did not allege that he was a licensed real estate broker and that it did not appear from the complaint why plaintiff should not be licensed.  The trial court granted plaintiff 20 days to amend his complaint to allege that he was licensed or to allege reasons why he should not be licensed and granted summary judgment unless the complaint was so amended.

Plaintiff did amend his complaint but he failed to allege that he was a licensed real estate broker and he failed to allege any valid reason why he should

not be licensed.   The motion for summary judgment was renewed and it was granted.

The contract on which plaintiff relies for recovery is void and unenforceable as in violation of public policy. *Krause* v. *Boraks* (1954), 341 Mich 149.   In view of the provisions of MCLA § 451.203 (Stat Ann 1964 Rev § 19.793), plaintiff's claim that this was an isolated transaction is to no avail.   Plaintiff's complaint does not state a claim on which relief can be granted.

Affirmed with costs to defendants.