DIEDRICH v HARTEN

Docket No. 47991. Submitted October 22, 1980, at Detroit.—Decided
   January 22, 1981. Leave to appeal applied for.

   Mildred E. R. Diedrich brought an action against Otis N. Harten,
      Sr., Helene A. Harten, and Lawyers Title Insurance Company
      seeking a declaration that she was the rightful owner of a
      disputed portion of certain real estate broker's commissions,
      which, pursuant to an agreement among the parties, were
      placed in escrow with defendant Lawyers Title Insurance Com-
      pany. Oakland Circuit Court, Steven N. Andrews, J., so de-
      clared, and defendants Otis N. Harten, Sr., and Helene A.
      Harten appeal, alleging that the trial court erred in its alloca-
      tion of the burden of proof regarding the property owner's
      exception to the real estate brokers and salesmen act, that the
      evidence presented did not support the trial court's determina-
      tion that defendant Otis N. Harten, Sr., was engaged in the
      purchase and sale of real estate as a principal vocation, and
      that the trial court erred in enforcing the commission agree-
      ments and in awarding plaintiff the disputed funds. *Held:*

      1. The trial court's allocation of the burden of proof regard-
   ing the application of the property owner's exception to the
   brokers licensing act to defendant Otis N. Harten, Sr., while
   inconsistent with the general rule, did not constitute error
   requiring reversal on appeal. Fairness supports the allocation
   in that Otis N. Harten, Sr., possessed information pertaining to
   his activities, and he had successfully moved to restrict discov-
   ery. In addition, the evidence presented was sufficient to meet
   plaintiff's burden of proof.

      2. The evidence presented clearly established that defendant
   Otis N. Harten, Sr., engaged in the sale of real estate as a
   principal vocation.

      3. The trial court properly held that the broker's commission
   agreements were not void and unenforceable notwithstanding

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 12 Am Jur 2d, Brokers §§ 12-14.
[3] 73 Am Jur 2d, Statutes § 313 *et seq.*
[3, 4] 29 Am Jur 2d, Evidence §§ 127, 128, 147.
[5] 17 Am Jur 2d, Contracts §§ 216, 221, 222, 229, 232.

the violation of the brokers licensing act since Otis N. Harten, Sr., fraudulently induced plaintiff to believe that the contracts were legal, but the trial court erred in assuming that plaintiff could base her action on a contract theory. Plaintiff's proper course of action should have been to seek equitable relief.

4. The trial court erred in awarding plaintiff the disputed funds. There was no contractual basis for the award, nor did plaintiff seek equitable relief.

5. The contracts for payment of the broker's commissions to Otis N. Harten, Sr., are void because of his violations of the brokers licensing act, and plaintiff has no interest in the funds. Thus, the money should be distributed pro rata to the property owners.

Reversed and remanded.

1. BROKERS — REAL ESTATE BROKERS — LICENSES — STATUTES.

A person who buys or sells real estate with the intent to collect a fee or who, as an owner or otherwise, engages in the sale of real estate as a principal vocation is a real estate broker, and it is unlawful for a person to act as a real estate broker without a license (MCL 451.201, 451.202; MSA 19.791, 19.792).

2. BROKERS — REAL ESTATE BROKERS AND SALESMEN ACT — PROPERTY OWNERS — STATUTES.

The real estate brokers and salesmen act does not apply to any person who, as owner of real property, acts as a broker with reference to that property but not as a principal vocation (MCL 451.202; MSA 19.792).

3. STATUTES — CLAIMS OF EXCEPTION — BURDEN OF PROOF.

The burden of proving justification or exemption under a special exception to statutory prohibitions generally rests on one who claims its benefits.

4. TRIAL — BURDEN OF PROOF.

Allocation of the burden of proof in a case should be based on such factors as an estimation of the probabilities, fairness, and special policy considerations.

5. BROKERS — REAL ESTATE BROKERS — CONTRACTS IN VIOLATION OF STATUTES — PUBLIC POLICY.

A contract in violation of the broker's licensing statute ordinarily is void and unenforceable as contrary to public policy, but where the party seeking recovery under the contract has been fraudulently misled by the other party into believing that the contract is legal such policy does not apply.

*Bayer, Goren, Gornbein, Grossman & Kaplan, P.C.,* for plaintiff.

*Dee Edwards,* for defendants.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

DANHOF, C.J. Defendants Otis N. Harten, Sr., and Helene A. Harten appeal as of right from the October 3, 1979, judgment of Oakland County Circuit Court Judge Steven N. Andrews declaring plaintiff, Mildred E. R. Diedrich, the rightful owner of a disputed portion of certain real estate broker's commissions. The dispute was between plaintiff and defendant Otis N. Harten, Sr.; therefore, references to defendant in this opinion are to Otis N. Harten, Sr., unless otherwise indicated.

The Hartens and another couple, Edgar and Janet Hendricson, were joint owners of vacant land in Northfield Township which they decided to sell in 1973. The events leading to plaintiff's involvement in the sale were the subject of conflicting testimony below. In his deposition, which was admitted as evidence at the trial, defendant testified that he had a verbal agreement with the Hendricsons whereby he would receive a 10% commission when the property was sold. He stated that a large for-sale sign was erected on the property and that plaintiff, a licensed real estate broker, telephoned him and claimed she could produce buyers for the property. Defendant claimed that it was agreed that plaintiff would receive a 5% commission on the sale. Plaintiff testified differently, stating that it was defendant who telephoned her and invited her participation in the sale of the property. She did not testify concerning

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conversations with defendant about the commission; her counsel chose to rely on the written evidence described below.

It was undisputed that plaintiff located the buyers of the property. E.N.M. Properties, Inc., offered to purchase part of the land for $100,000. The "sellers acceptance of offer" in the purchase offer form contained the seller's promise to pay a broker's commission of $10,000 (10%). Elsewhere, the form referred to both plaintiff and defendant as brokers and stated that the sale was "cooperative" on a "50-50 basis" between them. E.N. Maisel and Associates paid $5,000 for an option to purchase another portion of the property for approximately $429,000. The option was subsequently exercised. The option form stated that if the option was exercised, upon consummation of the sale, the sellers would pay a 10% commission to be "divided equally between Mildred E. R. Diedrich and Otis N. Harten, Sr., brokers herein". The option and purchase offer were admitted as evidence at trial.

It was undisputed that defendant was not a licensed real estate broker in 1973 and had not possessed a broker's license for a number of years. Plaintiff testified that she learned of defendant's unlicensed status during the period between the execution of the purchase offer and option and the closing date. She claimed that defendant had repeatedly assured her that he was a licensed broker. Defendant denied making such assurances. Prior to the closing, the parties agreed that the total commission payable was $52,303.56, of which half was paid to plaintiff and the remainder placed in escrow with defendant Lawyers Title Insurance Company. Plaintiff claims she was entitled to the escrowed funds because it was improper for her to divide a commission with an unlicensed person.

After she and defendant were unable to reach an agreement as to disposition of the disputed money, plaintiff commenced a declaratory judgment action which led to this appeal.

A disputed question below was the applicability of the real estate brokers and salesmen act, MCL 451.201 *et seq.;* MSA 19.791 *et seq.*[1] Section 1 makes it unlawful for a person to act as a real estate broker without a license. MCL 451.201; MSA 19.791. Section 2 defines a real estate broker as any person who buys or sells real estate with the intent to collect a fee "or who, as owner or otherwise, engages in the sale of real estate as a principal vocation". Also found in § 2 is the statement that the act does not apply to "any person * * * who as owner * * * shall [act as a broker] with reference to property owned by [him], unless performed as a principal vocation not through brokers duly licensed hereunder * * *". MCL 451.202; MSA 19.792. Defendant claimed the benefit of the § 2 exemption at trial, while plaintiff claimed it did not apply because, although defendant was an owner, he engaged in the sale of real estate as a principal vocation. The court ruled that defendant had the burden of proving that the exemption applied, specifically requiring him to prove that he was not selling real estate as a principal vocation. The court concluded that defendant did not meet this burden.

Defendant's first argument on appeal is that the trial court erred in its allocation of the burden of proof on the exemption question. In *Salenius v Employment Security Comm,* 33 Mich App 228; 189 NW2d 764 (1971), a panel of this Court held

[1] The act was amended by 1975 PA 224, which altered some of the language but did not make substantive changes. References in this opinion are to the provisions in effect in 1973.

that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits. The present situation does not fit neatly into the *Salenius* rule. We believe that the "principal vocation" clause in § 2 is an "exception to the exception" rather than an element of the exception. It would have been more logical for the trial court to have given plaintiff the burden of proving that defendant was selling real estate as a principal vocation; such an allocation would have been more consistent with the general rule placing the burden of proof as to the elements of a cause of action upon the plaintiff, who is seeking to change the status quo. However, we do not find reversible error occurred on this point. Any allocation of the burden of proof in a given case should be based on such factors as an estimation of the probabilities, fairness, and special policy considerations. *Johnson v Secretary of State,* 406 Mich 420; 280 NW2d 9 (1979). The fairness factor stands out in the present case in support of the allocation because defendant possessed the information pertaining to his activities and discovery had been restricted pursuant to a defense motion. Furthermore, as indicated in the following discussion, had the burden been allocated to the plaintiff, the evidence was sufficient to meet it.

Defendant's next claim is that the evidence did not support the trial court's determination that defendant was engaged in the purchase and sale of real estate as a principal vocation. We disagree. Rule 48, adopted by the Michigan Department of Licensing and Regulation, provides the following standards for determining whether a property owner was engaged in the principal vocation of selling real estate:

"(1) An owner of real estate who engages in the sale of real estate as a principal vocation is a person * * * who does any of the following:

"(a) Engages in more than 5 real estate sales in any 12 month period.

"(b) Holds himself out to the public as being principally engaged in the sale of real estate.

"(c) Derives over 50% of his net annual income for 3 consecutive years from the sale of real estate.

"(d) Devotes over 50% of his working time, or more than 15 hours per week in any 6 month period to the sale of real estate." 1974 AACS R 338.2748.

There was a considerable amount of evidence bearing on factor (b). Plaintiff testified that the defendant told her he was a licensed broker. The record indicates that defendant held a broker's license during the 1960's and at that time occupied an office with a large sign labeling it as "Property Investment Co.". When the license expired, he continued to occupy the same office and maintained the sign. Defendant's wife testified that he helped widows of deceased acquaintances sell their property after his broker's license had expired. Defendant's income tax return listed real estate advertising expenses for the years 1971-1973, which the trial court could have interpreted as indicating that defendant was engaged in the business of selling real estate and advertising such fact to the general public.

Other evidence relating to defendant's occupation included his wife's testimony that his sole occupation was the management and sale of property in which he had an interest and that he devoted a considerable amount of time to that occupation. She stated that he made as many as five real estate sales per year in unspecified years in the late 1960's and early 1970's. Defendant testified that he had verbal agreements with the

co-owners of the Northville Township property and property located in Caseville for a 10% commission on sales. Review of the evidence leads us to conclude that it was clearly established that defendant engaged in the sale of real estate as a principal vocation.

The last two issues in this appeal concern the agreements for payment of brokerage commissions on the two property sales. In her amended complaint, plaintiff characterized the agreements as contracts to pay a single 10% brokerage commission on each sale which she had agreed to divide with defendant on the implied condition that he was a licensed real estate broker. Defendant claimed that plaintiff agreed to render her services for a 5% commission on the sales. The trial court devoted little of its opinion to the nature of the transaction, but adopted plaintiff's position, stating: "As a final comment, this Court notes that the Sellers agreed to pay a 10% brokerage commission, and Plaintiff has performed the appropriate services".

Defendant now claims that plaintiff could not enforce the commission agreements because they were void. The argument is based on § 13 of the licensing act, which authorizes suspension or revocation of a license of a real estate broker who pays a commission to an unlicensed person. MCL 451.213; MSA 19.803. The trial court rejected this argument on the ground that defendant fraudulently induced plaintiff to enter into the fee-splitting agreements by falsely representing that he was a licensed broker. Ordinarily, a contract in violation of the broker's licensing statute is void and unenforceable as contrary to public policy. *Curry v West Point Hills, Inc,* 30 Mich App 114; 185 NW2d 907 (1971). However, we agree with the trial

judge's holding that the above rule did not apply because there is an exception in cases where the party seeking recovery under the contract has been fraudulently misled into believing that the contract is legal by the other party. *McDonald v Hall,* 193 Mich 50; 159 NW 358 (1916). In addressing this question, the trial court assumed that, absent the illegality problem, plaintiff could base her action on contract. We believe this assumption is incorrect, as discussed below.

Defendant's final argument is that, under the agreements made, plaintiff was only entitled to the 5% commission she received and that both parties were being compensated for different services. We find that there was no express contract giving plaintiff the right to collect the entire 10% commission. The language in the option and purchase offer indicates that the sellers agreed to pay a 10% commission to both plaintiff and defendant with half of the commission going to each. This language does not support plaintiff's theory that the commission was "hers" to divide.

Plaintiff's real complaint is that defendant fraudulently induced her to perform her brokerage services for a 5% commission instead of the usual 10%. Upon learning of the misrepresentation, the proper course of action was for plaintiff to seek rescission of the commission agreements and recovery of the reasonable value of the services she rendered. See, *Schwaderer v Huron-Clinton Metropolitan Authority,* 329 Mich 258; 45 NW2d 279 (1951), *Albright v Stockhill,* 208 Mich 468; 175 NW 252 (1919). In her original complaint, plaintiff included a claim that she was entitled to the entire commission to prevent unjust enrichment of defendant. However, this claim was omitted from the amended complaint filed after defendant

raised the affirmative defense that claims based on fraud or misrepresentation were barred by expiration of the three-year limitations period set forth in MCL 600.5805(7); MSA 27A.5805(7).

We hold that the trial court erred in awarding plaintiff the disputed funds. There was no contractual basis for such an award and the plaintiff did not seek equitable relief. Defendant is subject to possible fines and imprisonment for violations of the real estate brokers and salesmen act. MCL 451.219; MSA 19.809.

The question remains how the escrowed funds should be distributed. Plaintiff has no interest in the money for the reasons discussed above. The contracts for payment of a broker's commission to defendant are void because of the licensing act violations. *Curry, supra.* Therefore, we hold that the money should be distributed to the former property owners in proportion to their interests in the property prior to the sale. The case is remanded to the circuit court for entry of the appropriate order.

Reversed and remanded. Costs to defendants.