ROBERTS v MARQUETTE GENERAL HOSPITAL

Docket No. 63719. Submitted March 4, 1983, at Lansing.—Decided
June 3, 1983. Leave to appeal applied for.

Joanne Roberts was allegedly injured in the course of her employ-
ment at Marquette General Hospital. She was found to be
totally and permanently disabled by a hearing referee and the
parties entered into a redemption agreement which was ap-
proved by the hearing referee and delivered to the parties on
May 27, 1981. On June 18, 1981, the director of the Bureau of
Workers' Disability Compensation issued a written notice of
intention to review the redemption order. A hearing was held
by a deputy director, who reversed the referee's approval and
denied the redemption. Roberts and the hospital appealed to
the Workers' Compensation Appeal Board, which reversed the
deputy director's order, finding that he was without jurisdiction
to review the redemption agreement because the written order
for review was not issued within 15 days of the date the parties
were served with copies of the redemption order, as required by
statute. The director appeals by leave granted. *Held:*

1. The issue of the timeliness of the director's action was not
waived by the failure of the parties to raise the issue at the
review hearing before the deputy director. The WCAB has the
discretion to consider issues which were not previously raised.

2. The director may obtain review of the hearing referee's
order only if requested by either party within 15 days or by
issuing a written order within 15 days. The order must be in
writing; notification by telephone is not sufficient. The order
must also be timely. The order of the WCAB which vacated the
order of the deputy director and reinstated the approval of the
redemption agreement is affirmed.

Affirmed.

1. WORKERS' COMPENSATION — REVIEW — WAIVER OF ISSUES.

It is within the discretion of the Workers' Compensation Appeal
Board to consider issues which were not previously raised;

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 625, 635.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 620, 622.

furthermore, the issue of whether the director of the Bureau of Workers' Disability Compensation had complied with the statutory notice requirements so as to acquire the authority to conduct a review of a redemption agreement was not waived by the failure of the parties to raise the issue at the redemption review hearing.

2. WORKERS' COMPENSATION — REVIEW — WRITTEN ORDERS.

The director of the Bureau of Workers' Disability Compensation must file a written order within 15 days of the date an order of a hearing referee approving a redemption agreement is mailed to the parties in order to exercise his statutory right to review the redemption agreement (MCL 418.837[2]; MSA 17.237[837][2]).

*Jason, Jason & Finkbeiner, P.C.* (by *Gifford D. Smith),* for plaintiff.

*Corcoran, Ingleson & Lewinski, P.C.* (by *Guy W. Lewinski),* for Marquette General Hospital and Employers Insurance of Wausau.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for the Director, Bureau of Workers' Disability Compensation.

Before: R. B. BURNS, P.J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. Must the Director of the Bureau of Workers' Disability Compensation file a written order within 15 days of the date the order of the hearing referee approving a redemption agreement is mailed to the parties to exercise his right to review the redemption agreement, pursuant to MCL 418.837(2); MSA 17.237(837)(2)? The Workers' Compensation Appeal Board held yes, in an order dated September 22, 1981, and reversed the direc-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tor's reversal of the hearing referee's redemption order. We granted the director's motion for intervention and application for leave to appeal on July 8, 1982. We affirm the order of the board.

Plaintiff, Joanne Roberts, allegedly injured her back in the course of her employment as a surgery technician/nurse-aide with defendant Marquette General Hospital. Plaintiff was found totally and permanently disabled by the hearing referee at a hearing April 13, 1981, per plaintiff's and the hospital's stipulation.[1] The hospital, its insurance carrier, Employers Insurance of Wausau, and plaintiff entered into a redemption agreement wherein plaintiff agreed to redeem her claim for $25,000. The redemption agreement was approved by the hearing referee after a hearing on May 27, 1981, and was signed that date and personally delivered to both parties.

Apparently, the redemption order was not received by the Bureau of Workers' Disability Compensation until June 8, 1981. The attorneys for plaintiff and the hospital were contacted by telephone on June 9, 1981, concerning the director's intention to review the redemption. However, written notice of the director's intention to review the redemption order was not issued until June 18, 1981.

A redemption review hearing was held on July 29, 1981, with Special Deputy Director Ervin Vahratian presiding. In an order dated September 22, 1981, Deputy Vahratian reversed the hearing referee's approval and denied the redemption.

Plaintiff and the hospital appealed to the board. The Attorney General filed a brief intervening on

---

[1] A separate appeal concerning the effect of the determination that plaintiff was totally and permanently disabled as to the Second Injury Fund is on appeal to the WCAB. That appeal is not relevant to the instant matter.

behalf of the Second Injury Fund, however, the board held that the Second Injury Fund lacked standing on this particular matter since it was not a party to the redemption. The board issued an opinion and order on May 11, 1982, vacating Deputy Vahratian's order and reinstating the hearing referee's redemption order. The board ruled that § 837(2) of the Worker's Disability Compensation Act requires the director to issue a written order for review within 15 days from the date that the parties were served with copies of the redemption order, and since the deputy director failed timely to issue a written order he was without jurisdiction to review the redemption agreement.

On appeal the director argues that plaintiff and the hospital waived any objection to the timeliness of the director's order of review by not raising the issue at the redemption review hearing before the deputy director. We believe the matter was properly decided by the board since its review is *de novo* and it is within the board's discretion to consider issues which were not previously raised. *Kushay v Sexton Dairy Co,* 394 Mich 69, 77; 228 NW2d 205 (1975), *Nelson v General Motors Corp,* 122 Mich App 499; 332 NW2d 514 (1983). Further, the issue is not waived since it concerns whether the statutory prerequisites of § 837(2) were complied with so as to give the deputy director authority to review and reverse the hearing referee's order approving the redemption agreement. *Walker v U S Equipment Co,* 94 Mich App 454; 290 NW2d 36 (1979).

MCL 418.837(2); MSA 17.237(837)(2) provides:

"The director may, or upon the request of any of the parties to the action shall, review the order of the hearing referee entered under this section. Unless review is ordered or requested within 15 days of the date

the order of the hearing referee is mailed to the parties, the order shall be final. In the event of review and in accordance with such rules as the director may prescribe and after hearing, the director shall enter such order as he deems just and proper. Any such order of the director may be appealed to the board within 15 days after the order is mailed to the parties."

Under § 837(2) the director has the power to review the hearing referee's order only if such power is exercised in accordance with the statutory requirements. This section provides two methods for obtaining review. The director must review the order if requested by either party within 15 days, or the director may review the redemption order upon his own initiative by issuing an order within 15 days. If review is not requested by the parties or ordered by the director within the 15-day period, the order of the hearing referee becomes final.

We doubt that the Legislature intended as sufficient notice under § 837(2) a telephone call from the director's staff to the attorneys that the director intended to review the matter. While not defined in the statute, "order", as commonly used in the legal context, refers to a written directive of the court or judge. See Black's Law Dictionary (Rev 4th ed), and GCR 1963, 522(1), which requires all judicial orders, except where otherwise specifically provided, to be dated and signed by the judge. "Order" as used elsewhere in the Worker's Disability Compensation Act, clearly contemplates a written directive. See §§ 255, 851, 858, and 863 of the act.

We disagree with intervening defendant's claim that construing § 837(2) as requiring a written order leads to an absurd result because it requires the director to issue a written order directing

himself to schedule a review hearing. The order is not just for the director's benefit. First, the requirement that the director issue an order insures that the parties will be notified of the director's exercise of review. It is important to require the director to give written notice of his intention to review before the 15-day period has lapsed to prevent the possibility that, pursuant to the previously entered order, the money will be paid out to the employee, who then proceeds to make plans and financial commitments in reliance on the redemption order only to find that the redemption order is reversed by the director on review. Second, the director is not merely ordering himself to review the matter, but, rather, is essentially ordering the suspension of the finality of the redemption order. If the parties have not requested a hearing or the director has not issued an order for hearing within the statutory period, then the redemption order becomes final.

As stated in 3 Honigman & Hawkins, Michigan Court Rules Annotated, p 8, regarding judicial orders, requiring the order to be in writing insures that the order which substantially affects rights of the parties will be recorded in precise and authoritative form. There are so many problems inherent in oral notice that we doubt the Legislature intended that the director notify the parties and suspend the finality of the redemption agreement in the manner employed in this case. There is no reasonable way to determine whether or not oral notice was actually given when the director alleges that the parties were notified, and the parties claim they were not. As the board noted in its decision, oral appeals during the 15-day period are not accepted from parties. Finally, we do not believe the purpose of the act, to protect employees

from foregoing periodic payment of benefits, is defeated by requiring the order directing review to be in writing, nor do we believe that written notice places an undue burden on the director.

Since a written order directing review of the hearing referee's redemption order was not issued within the 15-day statutory period, the order of the board vacating the director's order and reinstating the order of redemption is affirmed.

Affirmed.