BROWN v BECKWITH EVANS COMPANY

Docket No. 120595. Submitted June 18, 1991, at Detroit. Decided
December 2, 1991, at 9:25 A.M.

Ernest H. Brown sought workers' compensation benefits from his
employer, Beckwith Evans Company, and its insurer, American
Guaranty & Liability. A hearing referee found him totally
disabled and made open and closed awards of benefits. The
defendants appealed to the Workers' Compensation Appeal
Board, citing the applicability of § 373 of the Workers' Disabil-
ity Compensation Act, MCL 418.373; MSA 17.237(373), and
claiming that Brown failed to meet the higher standard of
disability required by § 373. Section 373 excepts retirees who
are receiving nondisability pensions from the ordinary stan-
dards of disability under the act. Once § 373 is shown to be
applicable, a claimant must meet a more onerous standard of
disability to recover weekly benefits. The wCAB affirmed the
closed award, but found that the plaintiff failed to qualify for
the open award under § 373, finding it clear from the record
that the plaintiff sought a nondisability retirement, that he
receives a pension based on that retirement, and that he did
not meet the disability standard of § 373. The plaintiff appealed
by leave granted, alleging that the wCAB erred in applying
§ 373 and that the employer failed to meet its burden of
establishing that § 373 was applicable.

The Court of Appeals *held:*

The portion of the wCAB decision applying § 373 must be
vacated and the case remanded for further findings of fact and
conclusions of law.

1. An employer bears the burden of establishing that § 373 is
applicable. However, because this was an issue of first impres-
sion, justice would not be served by reinstatement of the open
award of benefits.

2. The issue regarding the applicability of § 373 was not
waived by the employer's failure to raise it before the referee.
Where, as here, a defendant raises the applicability of § 373 for

REFERENCES
Am Jur 2d, Workmen's Compensation §§ 364, 625.
See the Index to Annotations under Workers' Compensation.

the first time before the WCAB, the board has the discretion to allow the issue to be raised and to take additional evidence to resolve it.

3. There was sufficient evidence from which the WCAB could infer that the plaintiff receives a nondisability pension. However, it failed to address whether the pension was "paid by or on behalf of" the employer. Such determination must be made on remand in order to determine that the plaintiff falls within the noncompensable class created by § 373. Although the finding of a nondisability pension is upheld, further proofs regarding that issue may be accepted by the WCAB on remand.

Vacated in part and remanded.

1. WORKERS' COMPENSATION — WEEKLY BENEFITS — RETIREES — BURDEN OF PROOF — STANDARDS OF DISABILITY.

An employer bears the burden of establishing the applicability of § 373 of the Workers' Disability Compensation Act in a proceeding for weekly benefits under the act; section 373 excepts retirees who are receiving nondisability pensions from the ordinary standards of disability under the act and, once § 373 is shown to be applicable, a claimant must meet a more onerous standard of disability to recover weekly benefits; a claimant has no duty to prove disability under the standard in § 373 until the employer first proves that § 373 is applicable (MCL 418.373; MSA 17.237[373]).

2. WORKERS' COMPENSATION — APPEAL BOARD — PRESERVING QUESTION — EVIDENCE.

Where an employer raises the issue of the applicability of § 373 of the Workers' Disability Compensation Act for the first time before the Workers' Compensation Appeal Board, the board has the discretion to allow the issue to be raised and to take any additional evidence offered by the parties to resolve it (MCL 418.373, 418.859; MSA 17.237[373], 17.237[859]).

*Thurswell, Chayet & Weiner* (by *Lenny Segel*) (*Daryl Royal,* of Counsel), for the plaintiff.

*Zamplas, Johnson, Walker & Cavanaugh, P.C.* (by *Gary J. Nystrom*), for the defendants.

Before: MARILYN KELLY, P.J., and WAHLS and SHEPHERD, JJ.

SHEPHERD, J. Plaintiff appeals by leave granted

from an August 10, 1989, decision of the Workers' Compensation Appeal Board modifying a hearing referee's award to plaintiff. We vacate the WCAB decision in part and remand for findings of fact and conclusions of law.

I

This matter commenced with plaintiff's filing of a petition for hearing in the Bureau of Workers' Disability Compensation. The petition was the standard one-page form that alleges little more than that plaintiff suffered a personal injury or disablement from occupational disease that occurred because plaintiff was exposed to repetitive strenuous work that involved causes and conditions peculiar to and characteristic of the defendant employer's business, and the nature of the disability ("back, neck, hand and arm"). Defendants filed an answer with various specific denials of liability and a document entitled "Affirmative Defenses."[1]

At the hearing, plaintiff testified that he began working for the defendant employer in 1949 and, with relatively short periods in managerial and other positions, drove trucks and unloaded rolls of carpeting until January 27, 1984. In 1982, plaintiff began to experience pain and numbness in his left hand and aching in his left forearm. In February 1983, plaintiff stopped working and surgery was

[1] Defendants' affirmative defenses are here set forth in their entirety:

Defendants hereby positively aver that they are entitled to application of the appropriate provision of [MCL 418.381; MSA 17.237(381)] relative to the two year back rule and [MCL 418.833; MSA 17.237(833)] relative to the one year back rule depending upon the factual circumstances with respect to voluntary payment of compensation benefits in the instant matter. Said Defendants also claim recoupment for overpayment of compensation benefits as set forth in [MCL 418.833; MSA 17.237(833)].

performed on his left elbow. Plaintiff testified that, although he did not feel physically capable, he returned to defendant's employ in October 1983 because his "sick benefits from the Teamsters" ran out. He returned to his previous duties because no light work was available. Plaintiff testified that he tried to use his left hand as little as possible, but that the soreness and aching returned. He stopped working for the defendant employer on January 27, 1984. Medical testimony also was introduced.

The hearing referee found plaintiff totally disabled, ordered defendants to pay compensation for the period from February 27, 1983, to October 16, 1983, and awarded benefits for the open period from January 28, 1984, until further order of the Bureau of Workers' Disability Compensation.

On appeal to the WCAB, defendants argued (1) that plaintiff failed to prove by a preponderance of the evidence that his disability was causally related to his employment and (2) that he voluntarily left work within his ability to perform. In their argument regarding the second issue, defendants mentioned § 373 of the Workers' Disability Compensation Act, MCL 418.373; MSA 17.237(373), which imposes a higher standard of disability upon certain "retirees," and argued that plaintiff fell within its provisions and failed to meet the higher standard. The WCAB affirmed the award for the closed period, but found that plaintiff failed to qualify for the open award under § 373. The WCAB decision states:

> If we were to analyze this case under Chapter 3 of the Act under normal circumstances, we should find that plaintiff has preponderated in proving a continuing disability of the hand, wrist and arm. *Aquilina v General Motors Corp,* 403 Mich 206 [267 NW2d 923] (1978). . . .

* * *

Unfortunately for the plaintiff, the above analysis is only a prelude to the *real* analysis in this case. On appeal, the defendants raise the relevancy of Section 373 of the Act. We believe it is clear from the record of this case that plaintiff sought a nondisability retirement and receives a pension in that regard. [Emphasis in original.]

The decision of the wcab then applies the disability standard set forth in § 373 and concludes that, under that standard, plaintiff does not have a compensable disability.

II

Section 373 reads:

(1) An employee who terminates active employment and is receiving nondisability pension or retirement benefits under either a private or governmental pension or retirement program, including old-age benefits under the social security act, 42 USC 301 to 1397f, that was paid by or on behalf of an employer from whom weekly benefits under this act are sought shall be presumed not to have a loss of earnings or earning capacity as the result of a compensable injury or disease under either this chapter or chapter 4. This presumption may be rebutted only by a preponderance of the evidence that the employee is unable, because of a work related disability, to perform work suitable to the employee's qualifications, including training or experience. This standard of disability supersedes other applicable standards used to determine disability under either this chapter or chapter 4.

(2) This section shall not be construed as a bar to an employee receiving medical benefits under section 315 upon the establishment of a causal relationship between the employee's work and the need for medical treatment.

By its plain language, § 373 is applicable in a proceeding for weekly benefits under the WDCA where the following have been established: (1) the employee seeking the benefits has terminated active employment, (2) the employee receives a non-disability pension or retirement benefits under either a private or governmental pension or retirement program, and (3) the employee's pension or retirement program "was paid by or on behalf of" the employer from whom the weekly benefits are sought.

It is generally recognized that the legislative history of § 373 evinces an intent to remedy—at the behest of employers—perceived abuses by retirees who sought to supplement their pensions with wage-loss benefits under the WDCA. See *White v General Motors Corp,* 431 Mich 387, 408; 429 NW2d 576 (1988) (concurring opinion by Justice ARCHER); *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 745-746; 453 NW2d 301 (1990); *Peck v General Motors Corp,* 164 Mich App 580; 417 NW2d 547 (1987), rev'd in part on other grounds 432 Mich 892 (1989).

When § 373 is applicable, a "presumption" applies; the employee falling within the section "shall be presumed not to have a loss of earnings or earning capacity as the result of a compensable injury under either" chapters 3 or 4 of the WDCA. MCL 418.373(1); MSA 17.237(373)(1). "This presumption may be rebutted only by a preponderance of the evidence that the employee is unable, because of a work related disability, to perform work suitable to the employee's qualifications, including training or experience." *Id.*

As noted in the lead opinion in *White, supra,* p 393, this is not a true presumption because it "does not shift the claimant's burden of producing evidence." Rather, the presumption language

"merely classifies those persons entitled to benefits under § 373." *Id.* The final sentence of § 373(1) reads: "This standard of disability supersedes other applicable standards used to determine disability under either this chapter [chapter 3] or chapter 4." This sentence supports the *White* plurality's reading of § 373 and makes it plain that § 373 simply replaces the generally applicable standard of disability with a higher standard in proceedings for weekly benefits brought by retirees (i.e., employees falling within the class defined in the first sentence of § 373[1]).

### III

On appeal, plaintiff argues that the WCAB erred in applying the standard of disability set forth in § 373 because the record does not demonstrate that plaintiff is receiving a nondisability pension or that any such pension is being paid to plaintiff "by or on behalf of" the defendant employer. Rather, plaintiff argues (a) that his testimony and that of his supervisor, Donald Martin, establishes that § 373 is inapplicable or (b) that the defendant employer has failed to meet its burden of establishing that § 373 is applicable.

Defendants counter with the argument that because claimants always bear the burden of proving entitlement to benefits, *Aquilina v General Motors Corp,* 403 Mich 206, 211; 267 NW2d 923 (1978), it follows that plaintiff should have the burden of producing evidence that he is not within the presumptively noncompensable class created by § 373. Thus, defendants argue, plaintiff's failure to present evidence regarding the type and source of the pension he is receiving is a failure to establish an essential element of his claim. Because of this failure of proof, defendants further argue, we are

bound to uphold the (implicit) factual findings upon which the WCAB predicated its conclusion that § 373 is applicable.

Initially, we disagree with the parties' respective contentions that the facts are sufficient to establish either the applicability or the inapplicability of § 373. Accordingly, as will be explained below, the WCAB's decision must be vacated.

Plaintiff urges us to reinstate the open award by the referee. Because we have concluded that the inapplicability of § 373 cannot be ascertained from the present record, our only basis for reinstating the referee's award at this point would be the defendant employer's failure to meet its burden of proving that § 373 is applicable. While we ultimately agree with plaintiff that an employer in a workers' compensation hearing bears the burden of establishing the applicability of § 373, we note that this is a question of first impression, and we conclude that justice would not be served by our reinstatement of the referee's award.

Our analysis of this case reveals two dispositive questions: (1) Is § 373 an "affirmative defense" (or is its applicability an issue upon which a defendant employer otherwise bears the burden of proof)? and (2) Is the defense (or issue) waived in this case? With regard to the first question, we conclude that the defendant employer bears the burden of proving that § 373 is applicable. With regard to the second question, we conclude that the issue is not waived in this case.

IV

Section 373 excepts retirees who are receiving nondisability pensions from the ordinary standards of disability under the WDCA. Reading *White* and *Aquilina* together with the plain language of § 373,

it is clear that, once § 373 is shown to be applicable (i.e., once a claimant is shown to be within a certain class of retirees), the claimant must meet a more onerous standard of disability to recover weekly benefits. But we are faced with the question: Which party bears the burden of proving the applicability of § 373?

In many cases the applicability of § 373 will be so clear that the plaintiff will concede the issue, if not actually plead the section's applicability, and will focus at the hearing on proving disability under the higher standard. Or, the referee may raise the issue (see below), and the facts proving or disproving the applicability of the section will be put into the record by one of the parties. However, where, as here, these things have not happened, there must be a rule whereby this Court can say which party failed in its burden.

The present situation is roughly analogous to that in *Booth Newspapers, Inc v Regents of the Univ of Michigan,* 93 Mich App 100, 108-109; 286 NW2d 55 (1979), where this Court held that a plaintiff in a case involving the Freedom of Information Act need not allege that the material requested was not exempt from disclosure under the act. Because the defendant's claim of exemption in *Booth* fit within the relevant court rule's illustrative or definitional description of an affirmative defense, we held that the claim of exemption was an affirmative defense and that, consonant with established case law, the defendant bore the burden of producing evidence and establishing the facts upon which that defense rested. *Booth, supra.*

The court rules do not apply to workers' compensation proceedings, *East Jordan Iron Works v Workers' Compensation Appeal Board,* 124 Mich App 324, 327; 335 NW2d 23 (1983). Therefore, it

would be technically incorrect to denominate § 373 an "affirmative defense" within the meaning of the provisions (including those regarding waiver) of MCR 2.111(F).[2] However, in *Kingery v Ford Motor Co,* 116 Mich App 606, 614; 323 NW2d 318 (1982), this Court held that the "two-year-back rule" of MCL 418.381; MSA 17.237(381) is akin to a statute of limitations and is waived if not raised before the referee. We further note that defendants herein did file a document entitled "Affirmative Defenses" together with their answer to plaintiff's petition for hearing in the Bureau of Workers' Disability Compensation. In that document, the § 373 issue was not raised.

We need not conclude that § 373 is a true "affirmative defense" in order to place the burden of proving its applicability upon a defendant employer. Generally, the burden of producing evidence relevant to an issue is cast initially upon the party who has pleaded the existence of facts necessary to prevail upon the issue. *McKinstry v Valley Obstetrics-Gynecology Clinic, PC,* 428 Mich 167, 179; 405 NW2d 88 (1987), quoting McCormick, Evidence (3d ed), § 336, p 947; *Kar v Hogan,* 399 Mich 529, 539-540; 251 NW2d 77 (1976). In this case, plaintiff did not allege—and indeed disputes on appeal—the applicability of § 373. Rather, the

---

[2] Under former rules applicable to workers' compensation proceedings, it had been held that the failure to raise in the proceedings the affirmative defense that the claim was not filed within the period of limitation constituted a waiver of that defense. See, e.g., *Sharp v Grand Rapids Trust Co,* 254 Mich 226, 228-229; 236 NW 831 (1931); *Maki v Wakefield Twp School Dist,* 235 Mich 689; 209 NW 840 (1926). We do not find a similar rule in the current Michigan Administrative Code. We note that the Supreme Court has pointedly remarked that workers' compensation proceedings are statutory, not judicial, and that common-law procedural rules must not be automatically applied in such proceedings. *Hebert v Ford Motor Co,* 285 Mich 607, 609-610; 281 NW 374 (1938); see also *Askew v Ann Arbor Public Schools,* 431 Mich 714, 736-737; 433 NW2d 800 (1988) (concurring opinion by Justice BOYLE).

*defendant employer* "pleaded" the applicability of § 373 before the WCAB. Further, our Supreme Court has placed the burden of proof with regard to several issues upon defendant employers. See *Aquilina, supra,* p 211, n 2; see also *Felcoskie v Lakey Foundry Corp,* 382 Mich 438, 445-446; 170 NW2d 129 (1969) (employer has burden of proving applicability of former MCL 417.4; MSA 17.223, which limited compensation for certain dust diseases).

With regard to assigning the burdens of proof and persuasion, it has been said that

> there is no key principle governing the apportionment of the burdens of proof. Their allocation, either initially or ultimately, will depend upon the weight that is given to any one or more of several factors, including: (1) the natural tendency to place the burdens on the party desiring change, (2) special policy considerations such as those disfavoring certain defenses, (3) convenience, (4) fairness, and (5) the judicial estimate of the probabilities. [McCormick, *supra,* § 337, p 952.]

See also *Diedrich v Harten,* 103 Mich App 126, 131; 302 NW2d 618 (1981) ("Any allocation of the burden of proof in a given case should be based on such factors as an estimation of the probabilities, fairness, and special policy considerations."); *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708, 718; 202 NW2d 727 (1972) (placing of the burden of proof is " 'merely a question of policy and fairness based on experience in the different situations,' " quoting 9 Wigmore, Evidence, § 2486, p 275).

However, some general rules do exist. Of particular relevance here is the general rule that a party claiming the benefits of a statutory exception bears the burden of proving that section

applicable. *Diedrich, supra;* 3 Callaghan's Michigan Pleading & Practice (2d ed), § 36.123, p 592. Closely related to this is the vintage and somewhat mechanistic rule that where a party relies upon a statute for a claim, and the statute contains an exception not found in the "enacting clause," i.e., found in a later section or separate statute, the party need not plead and prove that the case does not come within the exception; rather, the opposing party must raise the exception, it being defensive in nature. Anno: *Burden of allegation and proof in civil cases as regards exception in statute,* 130 ALR 440, 443; *People v Grabiec,* 210 Mich 559, 561; 178 NW 55 (1920); *Myers v Carr,* 12 Mich 63, 71 (1863); *Baca v Bueno Foods,* 108 NM App 98; 766 P2d 1332 (1988) (the plaintiff was not entitled to temporary total disability benefits under that state's workers' compensation act because she failed to prove that she had not reached "maximum medical improvement" at the time of her inability to perform her duties where "temporary total disability" was defined as "the inability of the workman, by reason of accidental injury arising out of and in the course of his employment, to perform his duties prior to the date of his maximum medical improvement").

Applying the rules stated in the foregoing paragraph to this case, we hold that the defendant employer bears the burden of proving that § 373 is applicable. Section 373 was clearly intended to except retirees from the disability standard set forth in § 301(4) of the WDCA, MCL 418.301(4); MSA 17.237(301)(4). See Welch, Worker's Compensation in Michigan: Law & Practice (Institute of Continuing Legal Ed, 1991), § 8.10, p 8-12. The standard in § 301(4) became effective at the same time as § 373, and contained the first disability standard or definition ever to be codified in the

wdca. Welch, *supra,* § 8.9, p 8-9; 1980 PA 357; 1981 PA 200.

In this case, we believe that the application of these somewhat rigid rules is also supported by the more flexible principle of fairness. Again, we quote McCormick:

> In allocating the burdens, courts consistently attempt to distinguish between the constituent elements of a promise or of a statutory command, which must be proved by the party who relies on the contract or statute, and matters of exception, which must be proved by his adversary. Often the result of this approach is an arbitrary allocation of the burdens, as the statutory language may be due to a mere casual choice of form by the draftsman. However, the distinction may be a valid one in some instances, particularly when the exceptions to a statute or promise are numerous. If that is the case, fairness usually requires that the adversary give notice of the particular exception upon which he relies and therefore that he bear the burden of pleading. [McCormick, *supra,* § 337, p 951.]

Finally, we note that our courts have considered the superior knowledge of a party in allocating the burden of proof. See *Diedrich, supra; White Cloud Ed Ass'n v White Cloud Bd of Ed,* 101 Mich App 309, 319; 300 NW2d 551 (1980); *Snider, supra,* p 719. In cases such as this, the parties may often be equally knowledgeable of the facts upon which the applicability of § 373 is predicated. But a defendant employer will, in almost every conceivable circumstance, be in a better position to show whether a claimant's nondisability pension was paid "by or on behalf of" that employer. Indeed, in this case, plaintiff knows only that he receives a pension "from the Teamsters" union, while the defendant employer argues on appeal that it can

show conclusively, on remand if such were granted, that it paid plaintiff's pension.

In this case, the factors and legal principles discussed above lead us to place the burden of proving the applicability of § 373 upon the defendant employer. Therefore, the presumption against claimants classified in § 373 does not apply, and claimants have no duty to rebut it, until the employer has first met its burden of proving that section applicable. Or, to put it another way, because the *White* lead opinion has discounted the presumption language of § 373, a claimant has no duty to prove disability under the standard in § 373 until the employer first proves that section applicable.

V

Having concluded that the burden of demonstrating the applicability of § 373 is upon a defendant employer, we must now apply our holding to the instant case. We conclude that the issue or defense was not waived because the WCAB's scope of review with respect to referees' decisions is such that it may address new issues on appeal. We find proof of the applicability of § 373 lacking. We do not, however, apply the burden of proof against the defendant employer.

At the hearing, the referee asked for "stipulations." Among the questions asked was, "Does the Defendant claim receipt of a private or governmental pension?" To which defense counsel responded, "Not to our knowledge." During the hearing, defense counsel questioned plaintiff about the pension he was receiving. Plaintiff testified that he began receiving a pension "from the Teamsters" union, to which he belonged, in February or March 1984. Plaintiff did not know whether or not

it was a disability pension. However, plaintiff also testified that he was required to work for twenty years in order to qualify for his pension, and further testified as follows:

*Q.* What age do you have to be to get a pension from the Teamsters?
*A.* Fifty-seven. Partial.
*Q.* And when did you turn fifty-seven?
*A.* January 24.
*Q.* Of this year? '84?
*A.* Of '84.
*Q.* And then you retired on January twenty-seventh or you last worked on January twenty-seventh of '84; is that correct?
*A.* Right.
*Q.* But you don't know if you are getting a regular pension or disability pension?
*A.* Nope.
*Q.* Did you ever ask?
*A.* All I know is I put in for a pension. I get the money.

Defense counsel had called plaintiff's supervisor, Donald Martin, as a witness. On cross-examination, plaintiff's counsel examined Martin:

*Q.* . . . Are you aware one way or the other as to what type of retirement Mr. Brown was taking?
*A.* To my knowledge, he took the Teamster's pension. When you get to a certain age, fifty-seven, I may not be correct, and he retired according to that.

* * *

*Q.* The Teamster pension fund is completely separate from Beckwith Evans and you would have no knowledge of what goes on with their pension fund?
*A.* I have no knowledge at all about the Teamsters.

\*   \*   \*

*Q.* Did he ever receive any pension benefits or retirement benefits after January 27, 1984 from Beckwith Evans?

*A.* Not to my knowledge.

No evidence, other than the testimony of plaintiff and Martin, was adduced with respect to the type or source of this pension.

The referee apparently found § 373 inapplicable (or did not address it because it was not raised by the parties) and awarded plaintiff compensation under the general standard of disability set forth in chapter 3 of the WDCA. On appeal to the WCAB, the defendant employer briefly argued that § 373 was applicable, asserting in its brief that plaintiff "qualified to receive a pension at the time of his 57th birthday, some three (3) days prior to his last day worked and then retired." Neither plaintiff nor the defendant employer sought to present additional evidence to the WCAB.

MCL 418.859; MSA 17.237(859) provides that the WCAB "may hear the parties, together with such additional evidence as it may allow." The WCAB reviews the referee's decision de novo. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 135; 274 NW2d 411 (1979). There is a conflict in this Court regarding whether the WCAB's de novo review enables the board to consider issues not raised in a hearing before the Bureau of Workers' Disability Compensation. Cf. *Kingery v Ford Motor Co, supra,* pp 613-615 ("two-year-back rule" is akin to a statute of limitations and is waived if not raised before the hearing referee) with *Roberts v Marquette General Hosp,* 127 Mich App 301, 304; 338 NW2d 393 (1983) (it is within the WCAB's discretion to consider issues that were not previously raised).

We think the question whether § 373 was "raised" before the referee is close. This was a brief administrative hearing and not a circuit court proceeding; there were no opening statements or closing arguments in which to argue the point. As noted, the defendant employer did not raise the issue in its answer and affirmative defenses. On the other hand, after the referee asked for a stipulation regarding the existence of a pension, defense counsel did question plaintiff about the type of pension he was receiving. However, the issue regarding the source of the pension was not addressed except when counsel for plaintiff questioned plaintiff's supervisor, Martin. In answer to the question whether plaintiff received pension or retirement benefits from the defendant employer, Martin replied, "Not to my knowledge." The degree of his knowledge with respect to such matters was not established by plaintiff or defendant. Finally, the referee made no express ruling regarding the applicability of § 373.

We need not decide whether the issue was "raised before the referee." Whether or not it was raised there, we conclude that the WCAB had the discretion to address the issue. In other words, we resolve the conflict by concluding that *Roberts, supra,* states the better view. We are not persuaded by the reasoning of the panel in *Kingery, supra,* p 615, which held:

> A totally new issue, not decided by the administrative law judge, is akin to a statute of limitations and cannot be raised either by request or *sua sponte.* We consider, by analogy, that while this Court reviews cases in equity *de novo,* we will not review an issue first raised on appeal. Therefore, we find that becasue [sic] the two-year-back rule operates as a statute of limitations . . . as in *Kleinschrodt* [v *General Motors Corp,* 402 Mich

381; 263 NW2d 246 (1978)], Ford's failure to raise the issue before the administrative law judge constituted a waiver. The WCAB did not err in declining to apply the two-year-back rule.

We find the analogy to this Court's de novo review in equity cases inapt. Initially, we note that the term "de novo" has been subject to rather imprecise usage. Strictly speaking, "de novo" means "[a]new; afresh; a second time." Black's Law Dictionary (6th ed). Occasionally shorthand will be used by an appellate court and the court will say that it "hears appeals in chancery matters de novo," see, e.g., *Hostetler v Hostetler*, 46 Mich App 724, 726; 208 NW2d 596 (1973), when it means that it "review[s] chancery cases de novo on the record giving considerable weight to the findings of the trial court," see, e.g., *Stribley v Michigan Marine, Inc*, 42 Mich App 218, 220; 201 NW2d 702 (1972). And our Supreme Court has recognized that, despite repeated citation of the de novo standard, appellate review of divorce cases "is not truly de novo" because the appellate courts have properly deferred to the factual findings of the trial court as required by MCR 2.613(C). *Beason v Beason*, 435 Mich 791, 801-802; 460 NW2d 207 (1990).

Any attempt to compare this Court's review of a circuit court disposition of an equity matter with the WCAB's review of a referee's decision must take into account that

> the WCAB is obliged to review *de novo* the decision of the hearing examiner. "The primary function of the appeal board is that of finding what to it are the controlling facts." *Koschay v Barnett Pontiac, Inc*, 386 Mich 223, 230; 191 NW2d 334 (1971). The Constitution and the statute grant finality to the findings of fact of the WCAB, not of a referee. [*Kostamo, supra,* p 135.]

In other types of cases, a distinction has been made between a "de novo hearing" (which is as if no prior determination had been made) and "de novo review." See *Truitt v Truitt,* 172 Mich App 38, 43; 431 NW2d 454 (1988), quoting *Marshall v Beal,* 158 Mich App 582, 591; 405 NW2d 101 (1986). Also compare *In re LaFlure,* 48 Mich App 377, 382, 391; 210 NW2d 482 (1973) (appeals from juvenile division of probate court to circuit court under former code were "by trial de novo"; "When one court reviews another court by means of a trial de novo, the superior court is not limited to a review on the record [but] is entitled to receive all relevant and material evidence submitted by the parties") with *Walker v Wolverine Fabricating & Mfg Co, Inc,* 425 Mich 586, 617; 391 NW2d 296 (1986) (the phrase "[a]ppeals from final orders of the [civil rights] commission . . . shall be tried de novo before the circuit court" in Const 1963, art 5, § 29 does not require an entirely new evidentiary proceeding in circuit court).

The WDCA does not incorporate any of the foregoing phrases, but instead clearly provides that additional evidence may, in the WCAB's discretion, be submitted to that board:

> If a claim for review of a matter to be reviewed by the appeal board is filed, the board shall promptly review the order, together with the records of the hearing. *The board may hear the parties, together with such additional evidence as it may allow* and shall file its order with the records of the proceedings. It shall be the duty of the board to announce in writing its findings of fact and conclusions of law. The issuance of written opinions giving reasons therefor shall be at the discretion of the board and individual members thereof. [MCL 418.859; MSA 17.237(859).]

The statute would seem to give the WCAB the

discretion to conduct either a "de novo review" of the record made before the referee, or some form of a "de novo hearing."[3] The wcab "may hear . . . such additional evidence as it may allow." MCL 418.859; MSA 17.237(859). The statute does not place any limitation upon the type of evidence the wcab may "hear" or "allow." The Legislature easily could have provided that "the Board may hear such additional evidence as it deems necessary or useful to resolve the issues presented in the Bureau of Workers' Disability Compensation hearing,"[4] but it did not do so, and we decline to read such language into the statute.

Additionally, we find the case citations in *Roberts, supra,* apt and supportive of the proposition that the wcab may decide issues not raised before the referee. In contrast, the *Kingery* panel reached the opposite conclusion by relying upon and quoting *Kleinschrodt, supra,* wherein the Supreme Court refused to consider the defense of the one-year-back rule, holding "that defendant waived the defense . . . by failing to raise it before the *appeal board." Kleinschrodt, supra,* p 384 (emphasis added). We conclude that *Kleinschrodt* does not support *Kingery's* holding that an issue not raised before the hearing referee cannot be raised in the wcab.

Accordingly, we hold that where, as here, a

[3] But the board may not consider additional evidence unless a party requests it to do so. *Lang v General Motors Corp,* 412 Mich 930; 315 NW2d 134 (1982) (characterizing wcab proceedings as "de novo review"). If issues not raised by the parties are to be considered, the parties should be given an opportunity to brief and argue them. *Fawley v Doehler-Jarvis Div of Nat'l Lead Co,* 342 Mich 100, 102; 68 NW2d 768 (1955) (characterizing wcab proceeding as a "de novo hearing").

[4] Cf. former MCL 423.308; MSA 17.458(8), a section of the Fair Employment Practices Act, which "limited the issues on appeal [to the circuit court] to those which had been heard by the [Fair Employment Practices Commission], unless there were reasonable grounds for having failed to raise them before the fepc" *Walker, supra,* p 604.

defendant raises the issue of the applicability of § 373 for the first time before the WCAB, the board has the discretion to allow the issue to be raised and to take any additional evidence offered by the parties to resolve it. We recognize that this scheme does not mirror the traditional rules regarding preservation of error applicable in circuit court, or even other administrative proceedings. However, this is what case law and § 859 of the WDCA, MCL 418.859; MSA 17.237(859), appear to provide.[5]

In this case, the WCAB found that "it is clear from the record of this case that plaintiff sought a nondisability retirement and receives a pension in that regard." The board then applied § 373 and modified the referee's award because plaintiff did not meet the disability standard therein. Although we disagree that it was "clear" that plaintiff receives a nondisability pension, we must not, in the absence of fraud, disturb a finding of fact by the WCAB where there is any competent evidence to support it. *Aquilina, supra,* p 213. We conclude that there is sufficient evidence from which the WCAB could infer that plaintiff receives a nondisability pension (i.e., plaintiff's testimony that to qualify for his pension he had to work twenty years and attain the age of fifty-seven). However, the board failed to address whether the pension was "paid by or on behalf of" the defendant employer. And we conclude that Martin's testimony ("to [his] knowledge" plaintiff is not receiving a pension from the defendant employer) is not competent to sustain such a finding; there is no indica-

---

[5] We note that our resolution of this issue will affect a limited class of litigants in light of the fact that cases in which applications for hearing are filed after March 31, 1986, must be reviewed by the Workers' Compensation Appellate Commission, MCL 418.859a; MSA 17.237(859a), which has a statutorily defined scope of review significantly different than that applicable in WCAB proceedings. See MCL 418.861a; MSA 17.237(861a).

tion in the record that he would have knowledge of these matters.

Because the burden of proving the applicability of § 373 was not definitively allocated before this opinion was rendered, we do not dispose of this appeal by holding that the defendant employer failed to meet its burden, but, instead, remand this matter to the WCAB for the further submission of evidence and findings of fact with regard to this question. See *Williams v Chrysler Corp,* 159 Mich App 8, 11-12; 406 NW2d 222 (1987); *Felcoskie, supra.* Although we uphold the WCAB's finding that plaintiff receives a nondisability pension, we do not preclude the parties from submitting additional proofs regarding this question on remand if they so desire.

## VI

In summary, we hold that where an employee seeks disability benefits without reference to § 373, a defendant employer must, if it seeks to rely upon the disability standard therein, raise the issue of its applicability, preferably in the manner of an affirmative defense, and sustain the burden of producing evidence and persuading the factfinder of its applicability. If the defendant employer fails to raise the applicability of the section before the hearing referee, the WCAB may allow the issue to be raised and evidence to be presented thereon, but it is not required to do so.

We vacate that portion of the WCAB decision applying § 373 because of the lack of findings and evidence to support its applicability, and we remand this matter to the WCAB for findings of fact and conclusions of law. We do not retain jurisdiction.